IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A.C. QUINONES, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:10-cv-02349-OWW-JLT (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his First Amended Complaint on December 20, 2010, asserting claims against the following individuals at Corcoran State Prison ("CSP"): Lieutenant A.C. Quinones; Captain R. Davis; Sergeants D. Scaiffe and S. Sztukowski; Correctional Officers Huff, Meza, Bravo, T.J. Williams, Silva, Gonzalves, Haywood, Foley, T. Cogdill, G. Bardonnex and M. Magana; Medical Technician Pruitt; Appeals Coordinator L. Cano; Warden Derral G. Adams; third watch Sergeant John Doe 1 ("Doe 1"); second watch sergeant John Doe 2 ("Doe 2"); and Medical Technician Assistant Jane Doe 3 ("Doe 3") (collectively "Defendants").

///

///

1

## I. Screening Requirement

The Court is required to screen any complaint filed by a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" in order to identify any "cognizable claim." 28 U.S.C. § 1915A(a)-(b). The Court should dismiss the case if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if the prisoner is "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A Court should dismiss a claim as frivolous only "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them" and not simply because the Court may believe the "plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). When determining whether a claim is malicious, the Court will analyze whether it was made in good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).

## II. Pleading Requirements

The Federal Rules of Civil Procedure outline the general requirements of pleading a complaint. A complaint is required to have a "short and plain statement" that outlines the grounds for jurisdiction in that court as well as "showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a). *Pro se* complaints are generally held to "less stringent standards" than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must afford fair notice to the defendant as well as state the elements of the claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The complaint is supposed to give the defendant fair notice of the claims that are being brought against him/her as well as the grounds for bringing them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

///

///

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Allegations that are conclusory and vague do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court further clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949. A Court is required to assume as true in the light most favorable to the plaintiff, any well-pled factual allegations, when determining if the plaintiff is entitled to relief. *Id.* However, this tenet is "inapplicable to legal conclusions." *Id.* If a complaint fails to state a recognizable claim, the Court has the discretion to grant leave to amend the complaint in order to amend the deficiencies in the factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   § 1983 Claims

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal

right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Section 1983 does not recognize respondeat superior liability. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate the plaintiff's constitutional. *Id.* "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are insufficient to state a claim under § 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

## IV.  Discussion & Analysis

Plaintiff alleges claims against Defendants under § 1983 for violation of his First, Eighth, and Fourteenth Amendment rights. (Doc. 1 at 14-29). Plaintiff claims his First Amendment right was violated when prison officials retaliated against him for filing grievances and lawsuits against various prison officials. *Id.* at 17, 25. He alleges that the deprivation of basic necessities, exposure to excessive force and brutality, lack of adequate medical care, and lack of recreation time in the yard amounts to a violation of his Eighth Amendment right. *Id.* at 17-29. Lastly, Plaintiff claims that he was arbitrarily prevented from utilizing the prison appeals process for filing grievances against officials as well as denied an explanation for why he was being disciplined with a suspension of yard time. *Id.* at 4, 24, 26.

### A.  "Official Capacities" and the Eleventh Amendment

The Eleventh Amendment provides immunity to any State in any type of lawsuit "…in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This immunity is extended to state officials acting in their official-capacities because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*

Here, Defendants are employees of CSP and the California Department of Corrections and Rehabilitation ("CDCR"), a state entity. Accordingly, Plaintiff's claims against Defendants acting in their official capacities amounts to a suit against CDCR and the State of California, which is prohibited under the Eleventh Amendment. Therefore, as to the claims against Defendant's in their official capacities, the complaint is **DISMISSED**.

B.   Eighth Amendment Protections

Plaintiff alleges that his Eighth Amendment right was violated in several ways. Specifically he alleges claims of deprivation of basic necessities, use of excessive force, failure to provide adequate medical care and denial of recreation time in the outdoor yard. Each claim is analyzed under the Eighth Amendment protection against cruel and unusual punishment. (Doc. 1 at 17-29).

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)). It prohibits the "unnecessary and wanton infliction of pain," including sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, the Eighth Amendment does not require that a prison be comfortable; the requirement is only that prison officials maintain that conditions are humane. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Accordingly, a prison is not required to provide every amenity desired but only must provide for basic human needs, which includes proper "food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*, 682 F.2d at 1246. *Id.* (citations omitted).

Eighth Amendment claims have both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To properly allege a claim, a prisoner needs to allege (1) that conditions of his imprisonment objectively posed a "substantial risk of serious harm" depriving him of basic necessities and (2) that prison officials subjectively acted with "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834.

///

///

### 1. Deprivation of basic necessities

The Eighth Amendment may not be used as a vehicle for prison reform, and absent a constitutional violation a court is unable to interfere with prison policy. *Hoptowit*, 682 F.2d at 1246. When assessing prison conditions, the Court evaluates each condition individually and determines whether it violates the Eighth Amendment. *Id.* In doing so, the Court must consider the "circumstances, nature, and duration of a deprivation of these necessities." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (explaining the more basic a need the shorter amount of time it can be deprived before it becomes a violation).

Title 15 of the California Code of Regulations section 3332(f) defines provides,

> An inmate who persists in unduly disruptive, destructive or dangerous behavior and who will not heed or respond to orders and warnings to desist from such activity, may be placed in a management cell on an order of the unit's administrator or, in his or her absence, an order of the watch commander.

This Court has determined that placing an inmate in management status does not offend the Eighth Amendment. In *Loeb v. Felker*, 2007 U.S. Dist. LEXIS 14280 at *14-15 (E.D. CA 2007), the Court held,

> California's regulations permit prison officials to place a prisoner on management cell status if he persists in disruptive, destructive or dangerous behavior (i.e. cell extraction, refusal to exit the yard, etc.). While on management status, a prisoner receives one t-shirt, one pair of socks, one pair of boxer shorts, and one blanket. He also may be denied yard access. **While plaintiff argues that these conditions are harsh, they are not sufficiently serious to be violative of the Eighth Amendment**. Johnson v. Lewis, 217 F.3d at 732. Plaintiff was on management cell status for relatively short periods of time to address his refusals to follow orders, and the limited duration of those time periods counsels against finding an Eighth Amendment violation. Id. The measures taken to respond to each of plaintiff's episodes of disruptive behavior were reasonable. On the evidence presented here, no reasonable jury could find in plaintiff's favor on this claim.

Here, Plaintiff claims he was placed on management status by defendants Sztukowski and Scaiffe, initially for 30 days but that this period was extended for a second 30-day stint. (Doc. 1 at 14-15.) Plaintiff alleges that during the first 30-day period on management status, he was "without a mattress, linens, blankets, clothing, toothbrush, toothpaste, soap, shoes, sheets, toilet paper, towels, socks, spoon, or drinking cup" for thirty-days *Id.* at 14. He states that his drinking water and toilet were turned off during the second 30-day period. *Id.* at 18. Furthermore, Plaintiff alleges that the air

6

1  conditioning was turned on full blast, the windows were opened during the winter, and the lights left
2  on "24/7" which prevented Plaintiff from sleeping. *Id.* at 20.

3        Management status is designed to discipline inmates who refuse to comply with orders to cease
4  disruptive conduct. Thus, the fact that Plaintiff was placed on management status, with the concomitant
5  reduction in privileges and the removal of excess possessions, alone does not state a claim under the
6  Eighth Amendment. Minor deprivations suffered for short periods of time will not rise to the level of
7  an Eighth Amendment violation but "substantial deprivations of shelter, food, drinking water, and
8  sanitation" may meet the standard despite their even shorter duration. *Johnson v. Lewis*, 217 F.3d 726,
9  732 (9th Cir. 2000); see also *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) ("the length
10 of time required before a constitutional violation is made out decreases as the level of filthiness
11 increases."). Though virtually none of the alleged deprivations rise to the level of a constitutional
12 deprivation, Plaintiff's claim that he was deprived of water and functioning toilet, states a claim. In
13 *Johnson*, the court held that deprivation of adequate drinking water and toilets for a span of four days
14 was held to be serious enough to constitute a violation due the fact that they relate to basic human
15 necessities of food and sanitation. *Id.* at 732. Likewise, Plaintiff's claim that he was held in
16 management status for 80 days with the lights on 24-hours per day, is sufficient to state a claim. *See*
17 *Young v. Smalls*, 2010 U.S. Dist. LEXIS 37391 at *5-6 (S.D. Cal. April 15, 2010).

18       On the other hand, the fact that an inmate is required to "bundle up" while indoors does not state
19 an Eighth Amendment claim. *Dixon v. Godinez*, 114 F.3d 640 (7th Cir. Ill. 1997). However, Plaintiff
20 alleges that he was not provided clothing or blankets that would have allowed him to adequately "bundle
21 up." Thus, ordinarily, these facts would be sufficient to state an Eighth Amendment challenge. <u>Wilson
22 v. Seiter</u>, 501 U.S. 294, 304 (U.S. 1991). Nevertheless, Plaintiff fails to allege any <u>facts</u> that any of the
23 named defendants, except for Huff, Meza, Brand, Williams, Davis and Jane Doe 2, were aware of the
24 lack of water and functioning toilet or the temperature of the cell. Instead, he merely <u>concludes</u> that they
25 were aware. Likewise, though he alleges that "psych tech" Pruitt and Jane Doe 3 were aware of his cell
26 conditions, there is no showing that they had any control over his housing. Moreover, Plaintiff admits

27
28

that he names Quinones[1], Scaipe, Adams, John Doe 2 and John Doe 1as defendants only because they were "administrative superiors and correctional segeants." Doc. 1 at 25. In essence, he seeks to impose respondeat superior liability on these defendants. This is not permitted *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Monell*, 436 U.S. at 691.

### 2.  Excessive force and brutality

The proper inquiry for Eighth Amendment claims in the context of excessive force, is whether the use of force was done in good-faith to "to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Any malicious or sadistic use of force to cause harm will always violate contemporary standards of decency. *Id.* at 9. Accordingly, the objective component of an Eighth Amendment claim does not require Plaintiff to allege significant injury as a result of excessive force. *Id.*

Here, Plaintiff alleges defendant Cogdill beat him with a broom stick and repeatedly stabbed him with the broken end of the broomstick. (Doc. 1 at 17). He claims defendants Cogdill and Scaiffe further retaliated against him by spraying him with over fifteen cans of pepper spray for "about two hours straight" and introducing "t-16 grenade bombs" into his cell. *Id.* Plaintiff claims that Quinones and Dvais were present during this event and videotaped it. *Id*.

Because the Court must assume these facts to be true at this stage, it appears that Plaintiff has properly plead factual allegations that establish defendants Cogdill and Scaiffe used excessive force and Quinones and Davis condoned the use of excessive for that was used with malice rather than in a good faith attempt to restore order. Therefore, Plaintiff has stated a cognizable claim against defendants Cogdill, Scaiffe, Quinones and Davis for excessive force.

Also, Plaintiff alleges defendants Haywood and Gonzalves used excessive force when they used a "lanyard device chain" to remove Plaintiff from his cell and chain him to a cell door when Plaintiff feinted. (Doc. 1 at 24). Plaintiff states he had to bear the weight of the chains attached to the lanyard device, on his wrists where the device was attached, causing pain and numbness. *Id.* He claims that the

---

[1] Though Plaintiff alleges that Quinones and Davis were present at his cell during the claimed beating by Cogdill and that after the beating he was placed on an additional 20 days of management status, there is no showing that the lack of water or toilet facilities were available or that they were aware or condoned the continued management status. *Id*. at 18.

8

use of these restraints was excessive and done as a punitive measure to inflict pain. *Id.* He does not allege that the use of these devices was unnecessary to the security of the prison but that because they were heavy, they hurt his wrists. However, the Court is not permitted to second-guess prison officials' decisions to use particular security measures that are used in good faith to preserve prison security. Notably, the fact that Plaintiff *concludes* that a different type of security device should be used falls well short of the necessary *factual* allegations to demonstrate that their use was malicious and for the purpose of causing harm. Thus, complaint fails to state a claim against these defendants.

### 3.   Failure to provide adequate medical care

To properly allege a claim based on a failure to administer adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. A prisoner is required to allege that (1) he objectively has a "serious medical need" and (2) that the defendant subjectively responded with "deliberate indifference" to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

*Serious Medical Need*

A prisoner has a serious medical need if failure to treat a condition of his "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). A serious medical need is any condition that a reasonable doctor would find worthy of treatment and one that significantly impacts a person's daily activities, or causes substantial or chronic pain. *Id.* at 1059-60 (citing *Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Here, Plaintiff alleges several separate claims that his medical needs were not properly addressed. He claims that he had been prescribed a medication and a medical device when he was placed in management status but was not provided the medication and the device was confiscated. Doc. 1 at 15. However, he fails to allege what condition the medication was designed to address, what the device was or any facts to support that the deprivation of this medication or the device caused him any harm. *Id*. Likewise there are no facts alleged to tie these deprivations to any particular defendant. Thus, he has not stated a claim based upon these facts.

1  Plaintiff alleges also that while in management status, he developed suicidal thoughts. *Id.* at 21.
2  He made Pruitt aware of his mental deterioration and requested mental health treatment. *Id.* However,
3  Pruitt, a "psych tech" refused to provide care. *Id*. The Ninth Circuit has held heightened suicide risk to
4  be a serious medical need. *Simmons v. Navajo County*, 609 F.3d 1011, 1018 (9th Cir. 2010). Therefore,
5  Plaintiff has established that his suicidal thoughts were a serious medical need.

6  However, though Plaintiff had received mental health treatment in the past, Plaintiff's mere
7  allegation that he told her that he was having the suicidal thoughts is insufficient to establish that Pruitt
8  subjectively believed Plaintiff to be at substantial risk. *See Simmons*, 609 F.3d at 1018-20. There are
9  no other allegations that there was anything else observable to Pruitt that made her believe that
10 Plaintiff's condition was acute. Thus, Plaintiff has to state a cognizable claim against Pruitt for
11 inadequate medical care.

12 Plaintiff claims that he went on a hunger strike and, despite that according to CDCR policy, he
13 should have been seen by a doctor within 72 hours, he was not. Doc. 1 at 22. He admits that he was
14 seen by a medical technician but complains that he was not seen by a doctor as the policy requires. *Id.*
15 However, he does not allege that he suffered any harm from the failure to see a doctor and there are no
16 allegations that he suffered any ill effects due to the nine days that Plaintiff refused to eat. *Jett v. Penner*,
17 439 F.3d 1091, 1096 (9th Cir 2006); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). Thus, the
18 complaint fails to state a claim in this regard.

### 4.  Deprivation of outdoor exercise

20 The deprivation of outdoor exercise can amount to a violation of a prisoner's Eighth Amendment
21 rights. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995). The Ninth Circuit has stated, "some form
22 of regular outdoor exercise is extremely important to the psychological and physical well being of the
23 inmates." *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). Therefore, as a general rule, prison
24 officials may not deprive inmates of regular exercise. *See Toussaint v. McCarthy*, 597 F. Supp. 1388,
25 1393 (N.D. Cal. 1984). Nevertheless, outdoor exercise can be restricted on the basis of weather, unusual
26 circumstances, or disciplinary needs. *See Spain*, 600 F.2d at 199; *see also LeMaire v. Maass*, 12 F.3d
27 1444, 1457-58 (9th Cir. 1993) (where the deprivation of outdoor exercise "most of a five-year sentence"
28 as a disciplinary measure for plaintiff's rule violations did not rise to a constitutional violation because

the plaintiff was still able to exercise in his cell).  Likewise, this Court has held that an inmate may be denied yard time for limited periods while placed on management status. *Loeb v. Felker*, 2007 U.S. Dist. LEXIS 14280 at *14-15.  In any event, "the Ninth Circuit has not identified a specific minimum amount of weekly exercise that must be afforded" under the Eighth Amendment." *Jayne v. Bosenko*, No. 2:08-cv-2767-MSB, 2009 WL 4281995, at *8 (E.D. Cal. Nov. 23, 2009) (citation omitted).  In determining whether a deprivation of outdoor exercise is sufficiently serious, the Court must consider the circumstances, nature, and duration of the deprivation. *Spain*, 600 F.2d at 199.

Here, Plaintiff alleges he was denied "yard" exercise time by defendants Williams and Bardonnex for a total of forty-four days. (Doc. 1 at 24).  He states he was told by these officers that he was on "yard restriction for 60 days." *Id.* at 25.  There is no indication that they issued the yard restriction, knew why the restriction was in place or had any authority to refuse to obey the yard restriction.  In essence, the allegations demonstrate at most that these defendants were mere messengers who conveyed to Plaintiff the information about the yard restriction. Thus, the factual allegations are insufficient to demonstrate that these defendants acted deliberately to cause Plaintiff harm or knowing that harm would result.

### C.  First Amendment Protections

Plaintiff alleges two claims which implicate his First Amendment rights.  First, Plaintiff alleges he was retaliated against by prison officials for filing grievances and lawsuits against other prison personnel. (Doc. 1 at 17-18).  Second, he claims while in management cell-status he was prevented from sending mail including legal mail which prevented access to the courts. *Id.* at 15.

#### 1.  Retaliation

Prisoners have rights under the First Amendment to pursue civil rights litigation and file prison grievances. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  The Ninth Circuit has stated,

> Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those

Case 1:10-cv-02349-AWI-JLT   Document 7   Filed 08/11/11   Page 12 of 16

> protections, such as actions violate the Constitution quite apart from any underlying misconduct they are designed to shield.

*Rhodes*, 408 F.3d at 567. Therefore, allegations of retaliation against a prisoner's exercise of these First Amendment rights can support a claim under § 1983. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

For a prisoner to properly state a claim for of violation of his First Amendment rights, he is required to establish "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68. The proper inquiry is whether the defendant's action is defined as one that "would chill or silence a person of ordinary firmness from future First Amendment activities." *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)).

Here, Plaintiff alleges defendants Scaiffe, Cogdill, Davis, Quinones, Meza, Huff, Bravo, Williams, Bardonnex, Pruitt, Silva, Gonzalves, Haywood, Foley, Magana and Doe 1-3 all retaliated against Plaintiff for filing "602 prison grievances" regarding the conditions of his imprisonment. (Doc. 1 at 16-17). He states defendants Cogdill and Scaiffe assaulted because he had filed previous grievances. *Id.* at 17. Likewise, he claims defendants Huff, Meza, Bravo, and Williams turned off his cell's drinking water and toilet and concludes that this was done to retaliate against him for filing grievances. *Id.* However, he provides no factual support for his conclusion that this action was taken in retaliation. Thus, he has failed to state a claim for retaliation against these defendants.

Likewise, as to Bardonnex, Pruitt, Silva, Gonzalves, Haywood, Foley, Magana and Doe 1-3, Plaintiff has failed to allege any facts to support that these defendants took specific adverse action against Plaintiff for retaliatory purposes that chilled his First Amendment rights. Plaintiff has only made general conclusory allegations that they retaliated. This is insufficient. *See Iqbal*, 129 S.Ct. at 1949. Therefore, Plaintiff has failed to state a cognizable claim for retaliation against above-named defendants.

///

2. Access to the courts

Prisoners have a fundamental constitutional right of "meaningful" access to the courts. *Lewis v. Casey*, 518 U.S. 343, 246 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Supreme Court has defined prisoners' right of access to the courts as the "right to bring to court a grievance." *Lewis*, 518 U.S. at 354. This right of access to courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 351. A prisoner or detainee alleging a violation of his right of access to the courts is required to demonstrate that he has suffered an "actual injury." *Id.* at 349-50.

An actual injury is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Therefore, a plaintiff must show that the defendants "hindered his efforts to pursue a legal claim." *Id.* at 351. When seeking relief for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, "a plaintiff must show 1) the loss of a non-frivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief sought is unobtainable in a presently existing suit." *Hollis v. York*, 2010 U.S. Dist. LEXIS 109820, at *19 (E.D. Cal. Oct. 15, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 413-416 (2002)).

Here, Plaintiff alleges he was denied the right to send "legal mail" and was not allowed to communicate with his lawyers or the courts. (Doc. 1 at 15). However, Plaintiff has failed to allege any actual injury suffered as a result of not being able to access his legal mail. He fails to establish that he suffered any prejudice regarding any contemplated or pending litigation. Therefore, Plaintiff has failed to state a cognizable claim for denial of access to the courts in regards to his denial of legal mail.

Plaintiff also alleges he was also arbitrarily denied the ability to appeal a prison grievance that he filed. (Doc. 1 at 26). He claims defendant Cano, the Appeals Coordinator at CSP, "arbitrarily interpreted policy" to obstruct Plaintiff's chance to appeal the decision on his prison grievance. *Id.* Plaintiff states that he was directed to attach documents to his appeal, but after doing so and resubmitting his appeal he was told that Cano never received it. *Id.* at 16. Plaintiff claims these arbitrary procedural requirements were used to impede the filing of the § 1983 claims for the

same issue and ultimately resulted in his appeal being dismissed for violating the procedural time restraints. *Id.* at 27. Even if true, however, Plaintiff fails to state actual injury resulting therefrom.

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to the inmate filing a lawsuit. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). The PLRA requires the inmate to exhaust every level in the administrative process. See *McKinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir. 2002). If the Court concludes that the prisoner has failed to exhaust his administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

However, where an inmate is prevented from exhausting the administrative remedy, in effect, the remedy becomes "unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)). If Plaintiff can demonstrate that the remedy was unavailable, the inmate is excused from compliance with the PLRA. *Id.* Here, Plaintiff does not allege that he was prevented from filing a § 1983 action as a result of the failure to timely file the appeal of the grievance. Thus, he has failed to state a claim.

V.  Conclusion and Order

Plaintiff has stated a claim under the Eighth Amendment against Defendants Huff, Meza, Brand, Williams, Davis and Jane Doe 2 related to the fact that he was housed in a cell that had no water or operational toilet and being kept in a cold cell without an ability to "bundle Up" against the temperature. Likewise, he has stated a claim Eighth Amendment against Defendants Cogdill, Scaiffe, Quinones and Davis for the use of excessive force. He has not stated a claim in any other regard and all other claims and Defendants are ordered **DISMISSED.**

Plaintiff has the option of either moving forward with these stated cognizable claims or the Court will provide him with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigants bringing a suit *in forma pauperis* are entitled to an opportunity to amend a complaint

unless it is clear the deficiencies could not be cured by amendment).  If Plaintiff does not wish to file an amended complaint, and agrees to proceed only with his already stated cognizable claims, Plaintiff may notify the Court in writing, and the Court will dismiss the rest of the defendants and the other claims.  At that time, the Court will forward Plaintiff a summons and USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must be brief but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights.  *Iqbal*, 129 S.Ct. at 1948-49; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).  Plaintiff is advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff should be aware that an amended complaint supercedes any prior complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within 20 days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he is willing to proceed only on the following cognizable claims:
      i. Deprivation a working toilet, water and exposure to cold temperatures in violation of the Eighth Amendment against defendants Huff, Meza,

                Brand, Williams, Davis and Jane Doe 2;

      ii.    Use of excessive force in violation of the Eighth Amendment against defendants Cogdill, Scaiffe, Quinones and Davis.

2. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:  **August 11, 2011**                                          /s/ **Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE