1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE E. JACOBS, IV,                        Case No. 1:10-cv-02349 AWI JLT (PC)

12              Plaintiff,                        FINDINGS AND RECOMMENDATION TO
                                                  DISMISS BASED UPON PLAINTIFF'S
13         vs.                                    FAILURE TO PROSECUTE THIS ACTION

14   A.C. QUINONES, et al.,

15              Defendants.

16   _____/

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983.  By order filed August 11, 2011, the Court dismissed Plaintiff's original complaint with 20 days

19   leave to amend or to notify the Court in writing of his willingness to proceed only on his cognizable

20   claims . (Doc. 7.)  On September 2, 2011, Plaintiff filed a motion for an extension of time to file an

21   amended complaint. (Doc. 9.)  The Court granted the request and extended Plaintiff an addition 20 days

22   within which to file his amended complaint or to notify the Court in writing of his willingness to proceed

23   only on his cognizable claims.  (Doc. 10) Despite the passage of this time, Plaintiff has failed to file an

24   amended complaint and has not notified the Court that he is willing to proceed only on the claims the

25   Court has determined to be cognizable.

26         For the reasons set forth below, the Court recommends that this matter be **DISMISSED**.

27   **I.  Discussion and Analysis**

28         In the Court's September 2, 2011 order, the Court advised, "**Plaintiff is warned that his failure**

1

1  **to comply with this order, or any other court order, will result in a recommendation that this case**

2  **be dismissed**." (Doc. 10 at 2, emphasis in the original) This advisal duplicated the one the Court issued

3  in its August 11, 2011 order.  (Doc. 7 at 16)  Notably, consistent with Fed. R. Civ. P. 11, Local Rule 110,

4  provides, "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for

5  the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

6      "District courts have inherent power to control their dockets," and in exercising that power, a

7  court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los*

8  *Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a

9  party's failure to prosecute an action or failure to obey a court order, or failure to comply with local

10  rules.  *See*, *e.g*., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply

11  with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

12  comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128,

13  130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d

14  1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

15      In determining whether to dismiss an action for failure to prosecute, failure to obey a court order,

16  or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the

17  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

18  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

19  and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963

20  F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

21      In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's

22  interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendant also

23  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable

24  delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The

25  Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify

26  the Court of a change in address.  Further, the policy favoring disposition of cases on their merits is

27  outweighed by the factors in favor of dismissal.

28      As noted above, twice this Court has advised Plaintiff that his failure to act according to the

2

1    Court's order would result in a recommendation that the action be dismissed.  Thus, Plaintiff had

2    adequate warning that dismissal would result from his noncompliance with the Court's order, and this

3    satisfies the requirement that the Court consider less drastic measures than dismissal of the action.

4    *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given

5    the Court's inability to communicate with Plaintiff.

6    **IV.   Conclusion and Order**

7         Plaintiff has failed to prosecute his case, comply with the Court's orders, and follow the

8    requirements of the Local Rules in this action.  As set forth above, the factors set forth by the Ninth

9    Circuit weigh in favor of dismissal of the matter.

10        These findings and recommendations are submitted to the United States District Judge assigned

11   to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within fourteen (14) days after

12   being served with these findings and recommendations, any party may file written objections with the

13   Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

14   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within

15   seven (7) days after service of the objections.  The parties are forewarned that the Court does not

16   anticipate granting extensions of time for this purpose.  In addition, the parties are advised that failure

17   to file objections within the specified time may waive the right to appeal the District Court's order.  See

18   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   IT IS SO ORDERED.

20   Dated:   **October 4, 2011**                              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28