# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>        PLAINTIFF,<br><br>V.<br><br>A.C. QUINONES, et al.,<br><br>        DEFENDANTS | Case No.: 1:10-cv-02349-AWI-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND GRANTING SERVICE OF THE FIRST AMENDED COMPLAINT**<br><br>(Doc. 17). |

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 11, 2013, the Magistrate Judge issued Findings and Recommendations dismissing certain claims and authorizing service of other claims. (Doc. 17 at 21-24).

The Findings and Recommendations issued by the Magistrate Judge explained the reasons for dismissed the claims as follows:

Magistrate Judge Thurston recommended dismissal of the supervisor liability claims against Defendants Warden Adams and Lieutenant Quinones because Plaintiff merely concluded Defendants were aware and had personal knowledge that Plaintiff was being denied life necessities, but did not set forth facts to show that these Defendants were aware of and condoned the actions of their subordinates. (Doc. 17 at 11-12).

The Magistrate Judge also evaluated Plaintiff's claims that he was deprived of basic necessities, including toilet facilities, food and water, and removal of excess possessions. (Doc. 17 at 8-11). Magistrate Judge Thurston found Plaintiff's allegations regarding lack of food and water to be implausible given Plaintiff's complaints that he didn't receive a spoon and that he purposefully went on a hunger strike. (Doc. 17 at n.1). Likewise, the Magistrate Judge determined that Plaintiff's complaint about his toilet not working was actually a complaint about not being able to flush the toilet at all times. The Magistrate Judge noted that consistent with the CDCR Operations Manual § 52080.22.4, it appears that Plaintiff was complaining that his water was shut off for all but the five-minute intervals dictated by the policy. Thus, she found Plaintiff's failure to allege plausible factual support as to when the toilet was turned off and for how long each continuous period(s) lasted, to be fatal to his claim. (Doc. 17 at 8-11).

The Magistrate Judge also dismissed Plaintiff's claims against Defendants Huff, Meza, Bravo and Williams for deprivation of basic necessities in violation of the Eighth Amendment. The Findings and Recommendations stated that Plaintiff's allegations that these defendants turned off the water in Plaintiff's cell were insufficient to demonstrate an Eighth Amendment claim because Plaintiff failed to demonstrate these Defendants turned the water off and knew it continued to be off for an unconstitutional period of time. (Doc. 17 at 12-14). Furthermore, Plaintiff only made vague blanket allegations that Defendants Bardonnex, Silva, Gonzalvez, Haywood, Foley, and Scaife knew about the conditions in his cell, but did not point to the specific wrongful acts of each individual. (Doc. 17 at 12-14).

Plaintiff stated a cognizable claim against Williams and Bardonnex for depriving him of exercise time for 44 days, but failed to state facts linking Defendants Huff, Meza, Bravo, Pruitt, Silva, Gonzalvez, Haywood, Foley, Scaife, Davis, Quinonez, Sztowski or Does 1-3 to such deprivations. As a result, the claim for loss of yard time was dismissed as to all defendants but Williams and Bardonnex. (Doc. 17 at 17-18).

The Magistrate Judge found Plaintiff's excessive force claims against Cogdill, Scaiffe, Quinones and Davis to be cognizable, but dismissed the claims against Defendants Haywood and Gonzalves for use of the lanyard because Plaintiff did not provide any factual support for his

claim that its use was not legitimate. Likewise, the Findings and Recommendations recommended Plaintiff's cause of action against Defendants Adams, Davis, and Quinones (for supervisory liability) related to the use of the lanyard be dismissed for the same reason. (Doc. 17 at 15).

The Magistrate Judge analyzed each of the medical care claims Plaintiff made against the various defendants and found that Plaintiff did not state any cognizable claim against any defendant. Plaintiff failed to state facts to link his loss of eye wear to any defendant or show that he was harmed by the deprivation. Although Plaintiff established that his suicidal thoughts were a serious medical need, he did not state facts to show that any of the named defendants subjectively believed Plaintiff to be at substantial risk. (Doc. 17 at 15-16).

The Magistrate Judge recommended that Plaintiff's Fourteenth Amendment Due Process claim be dismissed because placement in management status or holding an inmate in a disciplinary placement for 30 days, as in Plaintiff's case, does not offend the Constitution. (Doc. 17 at 18-19). The Findings and Recommendations also explained that Plaintiff had no liberty interest in being confined to general population rather than in a disciplinary placement. (Doc. 17 at 18-19).

The Findings and Recommendations also recommended that Plaintiff's claims of retaliation against Defendants Scaiffe and Cogdill be dismissed because Plaintiff provided no factual support for his conclusion that the Defendants assaulted him to retaliate against him for the filing grievances regarding his cell conditions. (Doc. 17 at 19-20).

Additionally, Magistrate Judge Thurston recommended that any claim based upon Plaintiff's access to courts be dismissed because Plaintiff failed to allege any actual injury suffered as a result of not being able to access his legal mail and failed to establish he suffered any prejudice related to pending/anticipated litigation. (Doc. 17 at 20-21).

As to Plaintiff's allegations that Defendants violated state statutes and regulations under California law, the Magistrate Judge recommended dismissal because Plaintiff alleged each defendant is an employee of the State of California's CDCR, but did not plead compliance with the California Tort Claims Act. (Doc. 17 at 6-7). Furthermore, the Findings and

3

Recommendations explained that there is no private right of action under the California Code of Regulations and that the Penal Code did not provide a source of substantive rights which may be vindicated in a civil action. (Doc. 17 at 6-7).

Plaintiff was advised in the January 11, 2013 Findings and Recommendations that he had fourteen days to submit objections to the Findings and Recommendations. (Doc. 17 at 23). Despite this warning, Plaintiff did not submit timely objections.

On January 31, 2013, the Court received a Request for Judicial Notice from Plaintiff. (Doc. 20). Since the pleading listed numerous complaints Plaintiff had about the recommendations made by Magistrate Judge Thurston, the Court deems Plaintiff's pleading as his Objections to the Findings and Recommendations. Plaintiff's Objections generically complain that the Magistrate Judge misapplied the law and that she is biased against him. (Doc. 20). His only specific complaint about the Findings and Recommendations is that the Magistrate Judge "falsely assumed" that he alleged he was denied food for 30 days. (Doc. 20 at 2). Although Plaintiff contends that he made no such statement, his amended complaint clearly states, "Defendants name herein participated, knew of and/or observed Plaintiff being housed and assigned to live in a cell lacking all of the bare essentials of life's necessities for over 30 days, including but not limited to: **food**, **water** shelter . . . ." (Doc. 11 at 17 (emphasis added)). Even if Plaintiff's amended complaint did not allege an Eighth Amendment claim for lack of food and drinking water, the Magistrate Judge's decision to find no cognizable claim for food and drinking water deprivations could not have adversely affected Plaintiff.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including the issues discussed above, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed January 11, 2013, are **ADOPTED IN FULL**;

2. Plaintiff's Eighth Amendment claims for supervisory liability against Defendants Adams and Quinones for deprivation of basic necessities are **DISMISSED**;

3. Plaintiff's Eighth Amendment claims against Defendants Bardonnex, Silva, Gonzalvez, Haywood, Foley, Scaife, Huff, Meza, Bravo and WIlliams for deprivation of basic necessities are **DISMISSED**;

4. Plaintiff's Eighth Amendment claims against Defendants Huff, Meza, Bravo, Pruitt, Silva, Gonzalvez, Haywood, Foley, Scaife, Davis, Quinonez, Sztowski and Does 1-3 relating to loss of yard time are **DISMISSED**;

5. Plaintiff's Eighth Amendment claims against Defendants Haywood, Gonzalves, Adams, Davis, and Quinones related to the use of the lanyard are **DISMISSED**;

6. Plaintiff's Eighth Amendment claims against Defendants Pruitt, Does #1-3, Adams, Davis, Quinones, Huff, Meza, Bravo, Williams, Bardonnex, Silva, Gonzaleves, Haywood, Foley, Magan, Sztukowski, and Scaife for inadequate medical care are **DISMISSED**;

7. Plaintiff's Fourteenth Amendment Due Process claim is **DISMISSED**;

8. Plaintiff's First Amendment claims of retaliation against all defendants are **DISMISSED**;

9. Plaintiff's First Amendment claims based upon Plaintiff's access to courts are **DISMISSED**; and

10. All claims not brought under the Eighth Amendment, including those brought under any state law statute including the Penal Code, any operating manual of the CDCR or CSP, and the California Code of Regulations are **DISMISSED**.

11. The action **SHALL** proceed on the following claims:

    a. Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pruitt, Magana, and Davis for deprivation of basic necessities;

    b. Plaintiff's Eighth Amendment claims against Defendants Cogdill, Scaiffe, Quinones and Davis for excessive force; and

      c. Plaintiff's Eighth Amendment claims against Defendants Bardonnex and Williams for depriving him of yard time.

IT IS SO ORDERED.

Dated:   April 23, 2013                           _____
                   SENIOR DISTRICT JUDGE