UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>          Plaintiff,<br><br>     v.<br><br>A.C. QUINONES, et al.<br><br>          Defendants. | Case No.: 1:10-cv-02349 – JLT (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT<br><br>(Doc. 29) |

Plaintiff Gregory E. Wooten ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. At present, the Court addresses Defendants Quinones, Barbonnex, Cogdill, Magana, Scaife, Pratt and Davis' (collectively "Defendants") Fed. R. Civ. P. 12(e) motion for a more definite statement submitted on May 16, 2013. (Doc. 29). Plaintiff indicates that he does not oppose Defendant's motion. (Doc. 31). Nonetheless, the Court **DENIES** Defendants' motion for a more definite statement.

Fed. R. Civ. P. 12(e) permits a party to attack a pleading where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motions addresses the unintelligibility of a complaint, and cannot be employed as a tool to attack the mere lack of detail. Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). "A motion for a more definite statement is proper only where the complaint is so vague or ambiguous that the opposing party cannot

1

respond, even with a simple denial, in good faith or without prejudice to himself." Neveu, 392 F. Supp. 2d at 1169 (internal quotations and citations omitted). Accordingly, courts should deny the motion for a more definite statement where a detail sought may be obtained through discovery. Id.

Defendants request a more definite statement because Plaintiff's complaint is "too vague as to the time of the alleged incidents to allow Defendants to respond in good faith." (Doc. 29-1 at 1). The absence of this detail allegedly hinders Defendants' ability to respond to the complaint or determine which affirmative defenses would be available. Id. at 2. However, the Court previously held that a plaintiff is not "required to plead on the subject of an affirmative defense or allege facts which assist the defendant in making an affirmative defense." Morris v. Fresno Police Dep't, Case No. 1:08-CV-01422-OWW-GSA, 2010 WL 289293, at *10 (E.D. Cal. Jan. 15, 2010). The date of an incident is information that may be ascertained during discovery. Id.

Nonetheless, Plaintiff has provided the information requested in response to Defendant's motion. Plaintiff has provided the date that he was allegedly deprived of cell status and the alleged victim of excessive force. (Doc. 31 at 1-2). He also provides the number of days that he was deprived of outdoor exercise. Id. Given that the Court previously screened Plaintiff's complaint and found that Plaintiff submitted a cognizable claim, (Doc. 24), the Court finds no reason at present to require Plaintiff to amend the operative complaint. Thus, Defendants' motion is **DENIED**.

## ORDER

Accordingly, for the foregoing reasons, the Court HEREBY ORDERS that:

1. Defendants' motion for a more definite statement is **DENIED;** and
2. Defendants **SHALL** file their answer or responsive pleadings to the Complaint within **21 days** of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **June 20, 2013**          /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE