# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>        Plaintiff,<br><br>    v.<br><br>QUINONES, et al<br><br>        Defendants. | **Case No.  1:10-cv-02349-AWI-JLT (PC)**<br><br>**ORDER DENYING JUDICIAL NOTICE AND STRIKING PLAINTIFF'S "STATUS REPORT" FROM THE DOCKET IN THIS CASE**<br><br>**(Doc. 38)** |

      Plaintiff, George E. Jacobs, IV, is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on December 13, 2010. On November 12, 2013, Plaintiff filed a document entitled "Status Report Concerning Defendant T.L. Williams." (Doc. 38.) In this status report, Plaintiff states that he wants ". . . the Court to take notice that on November 2 and 3rd, 2013 Plaintiff was physically escorted to the recreation yard (4B Yard S.H.U. 4 Right Housing Unit) by Defendant T.L. Williams. When recreation yard time was completed [he] further noticed Defendant T.L. Williams exit 4 Left Housing Unit on the 4 B yard to assist 4 Right Housing Unit guards with their yard recall program." (*Id.*) Plaintiff does not ask for any specific action by the Court other than notice be taken. (*Id.*)

      "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

1  and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
2  Fed. R. Evid. 201(b); *United States v. Bernal Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Plaintiff's
3  status report is his recounting of events as he experienced them.  It does not contain facts that are
4  generally known within this Court's territorial jurisdiction, nor are the facts within it capable of
5  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
6  questioned.  Judicially noticeable facts are items such as the National Weather Service's recorded
7  weather on a specific date in a specific location, or court records.  *See Colonial Penn Ins. Co. v.*
8  *Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388
9  n.9 (9th Cir. 1987); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980);
10 *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), aff'd, 645 F.2d 699
11 (9th Cir.).  Plaintiff's status report is not judicially noticeable just because he filed it in this action.
12 It is nothing more than a declaration by a party to an action, which is not something that can be
13 judicially noticed.

14     If Plaintiff filed his status report hoping to preserve or edify his rendition of events, he did
15 so in error as the First Informational Order in this case notes that the Court cannot serve as a
16 repository for the parties' evidence, that he may not file evidence with the Court until the course
17 of litigation brings the evidence into question, and that evidence improperly submitted to the
18 court will be returned or stricken.  (*Id.*, at p. 4.)  If Plaintiff feels that the events he has detailed in
19 his letter have amounted to a violation of his constitutional rights, his recourse is to file another
20 action.

21     Accordingly, Plaintiff's request for judicial notice in his "Status Report Concerning
22 Defendant T.L. Williams," filed November 12, 2013 (Doc. 38), is DENIED and the document is
23 HEREBY STRICKEN.

25 IT IS SO ORDERED.

26     Dated:   **November 18, 2013**           **/s/ Jennifer L. Thurston**
27                                              UNITED STATES MAGISTRATE JUDGE

Case 1:10-cv-02349-AWI-JLT   Document 40   Filed 11/18/13   Page 3 of 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28