**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>                    Plaintiff,<br><br>         v.<br><br>A.C. QUINONES, et al.,<br><br>                    Defendants. | 1:10-cv-02349-AWI-JLT (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MODIFYING THE DISCOVERY AND SCHEDULING ORDER<br><br>(Docs. 50, 57, 58) |

**I.     BACKGROUND**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the First Amended Complaint for Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pruitt, Magana, and Davis for deprivation of basic necessities; against Defendants Cogdill, Scaiffe, Quinones, and Davis for excessive force; and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time.  (Docs. 11, 17, 19, 24.)

On January 23, 2014, Defendants filed a motion for protective order seeking relief from responding to discovery that Plaintiff served on October 27 and October 31, 2013.  (Doc. 50, Mot for P.O., 1:21-24.)  Plaintiff requested and received an extension of time to file an opposition with which he complied.  (Docs. 51, 52, 55.)  Defendants did not reply to Plaintiff's opposition.  The

1

motion is deemed submitted.  L.R. 230(l).  Further, both sides subsequently filed unopposed motions to modify the discovery and scheduling order, which are deemed submitted as well.  (Docs. 57, 58.)

## II.     PROTECTIVE ORDER

Defendants seek to be relieved from responding to any of Plaintiff's propounded discovery based on the excessive number of discovery requests and "in light of the pervasiveness of [Plaintiff's] failure to comply with the rules governing discovery."  (Doc. 50-1, Ds' Mot for P.O., 5:3-7.)  Plaintiff has propounded numerous discovery requests -- to wit, 733 Requests for Admission ("RFAs") (Scaife 113; Quinonnes 124; Cogdill115; Pratt 49; Bardonnex 102; Magana 105; Davis 125); 71 Requests for Production of Documents ("RPDs"); and 172 Interrogatories with subparts exceeding the limit of 25 (Cogdil125; Scaife 25; 3 Pratt 23; Davis 25; Quinones 25; Magana 25; Bardonnex 24).  (*Id.*, Ds' Mot for P.O., 1:23-2:4.)

### A.     **Procedural History**

The initial Discovery and Scheduling Order issued in this case on July 16, 2013 and set the discovery cut-off date as December 16, 2013.  (Doc. 35.)

On October 27, 2013, Plaintiff served Defendants Cogdill, Sciafe, Davies, and Quinones with RFAs.  (Doc. 50-1, Ds' Mot for P.O., 4:1-7.)  On October 31, 2013, Plaintiff served Defendants Bardonnex, Magna, and Pratt with RFAs, all Defendants with individual sets of interrogatories, and one set of RPDs directed to all of the Defendants.  (*Id.*)

On November 14, 2013, Defendants moved to modify the scheduling order to allow sufficient time for Defendants to respond to Plaintiff's discovery requests and to extend the time for the filing of dispositive motions.  (Doc. 42.)  On December 19, 2013, Defendants' request was granted, resulting in modification of the Discovery and Scheduling Order to extend the time for Defendants to serve their response to Plaintiff's propounded discovery up to and including February 14, 2014; allowing up to and including April 11, 2014 for the filing of motions to compel; and rescheduling the dispositive motion deadline to May 16, 2014.  (Doc. 44.)  On January 23, 2014 Defendants filed for a protective order.  (Doc. 50.)

///

### B. Discovery Standards

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Under Rule 34, the test for admissibility is the relevance of the requested material or information. *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955; *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc*., 163 F.R.D. 584 (C.D.Cal.1995)).

"Upon motion by a party or by the person from whom discovery is sought . . . , and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). As the Ninth Circuit Court of Appeals previously observed, "Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *U.S. v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 368–69 (9th Cir.1982).

A party seeking a protective order from discovery must show "good cause" for its issuance. Fed. R. Civ. Pro. 26(c). The party seeking a protective order must make a clear showing of a particular and specific need for the order. *Blakenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975). Further, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). It is not the Court's duty to scrutinize propounded discovery to identify violations where a responding party seeking protection fails to do so.

#### 1. Requests for Admissions ("RFAs")

Facts, the application of law to fact, or opinions are subject to RFAs. Fed. R. Civ. P.

36(a)(1)(A).  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).  "The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

An inquiry of solely one's own memory is insufficient basis upon which to claim an inability to admit or deny a request for admission; rather, a responding party must state "that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the request for admission."  Fed. R. Civ. P. 36(a)(4) (emphasis added); *see Asea, Inc. v. Southern Pac. Transp. Co.* 669 F.2d 1242, 1246 (9th Cir. 1981) *ref. City of Rome v. United States*, 450 F.Supp. 378, 383 84 (D.D.C.1978), aff'd, 446 U.S. 156 (1980); *Alexander v. Rizzo*, 52 F.R.D. 235, 236 (E.D. Pa.1971).

Defendants ask for relief from responding to any of Plaintiff's RFAs arguing that they are abusive and improper as they are disguised interrogatories designed to circumvent the limit of 25 interrogatories (Doc. 50-1, D's Mot for P.O., 5:8-7:2); that Plaintiff's RFAs asking Defendants to admit or deny knowledge of various laws or policies is improper (*id.*, at 7:3-9:9); and that Plaintiff's RFAs regarding disciplinary actions, lawsuits, or inmate appeals are improper (*id.*, at 9:10-10:17).

### a. **Disguised as Interrogatories**

Defendants indicate that the instructions accompanying Plaintiff's RFAs seek more than required and show that they are intended as interrogatories since they seek "all information which is available to you including information in possession of your attorney" and "[i]f you cannot answer the following admissions in full after exercising due diligence as to secure the information to do so, state and answer to the extent possible, specifying your inability to answer the remainder

4

and whatever information or knowledge you have concerning the unanswered portions." (*Id.*, at 5:27-6:4.) Defendants argue that RFAs are not discovery devices and that Plaintiff attempts to use numerous RFAs to circumvent the 25 interrogatory limit. (*Id.*, at 5:8-27.) Neither of these arguments merit total relief from responding to Plaintiff's propounded RFAs.

Plaintiff cannot, by instruction, force Defendants to provide more in response to RFAs than is required by the applicable Federal Rules of Civil Procedure. Rule 36 requires that response to requests for admissions be an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. *See also Asea, Inc. v. Southern Pac Transp. Co.*, 669 F.2d 1242, 1245-46 (9th Cir. 1981). Thus, while Plaintiff's instructions might not have been technically perfect, even if they are completely erroneous, instructions alone would not justify relieving Defendants from responding to any of Plaintiff's RFAs. Defendants are represented by counsel who should well know that the Federal Rules of Civil Procedure which apply to discovery, are to be followed in responding to propounded discovery over any instructions/directions given by the propounding party.

Contrary to Defendants' arguments, RFAs *are* discovery devices. RFAs are addressed in the section of the Federal Rules of Civil Procedure entitled "Depositions and Discovery." *See* Fed. R. Civ. Pro. 36. Discovery and scheduling orders issued by this court address RFAs and indicate they are a mechanism for discovery as indicated by the second sentence, to wit: "Pursuant to Federal Rules of Civil Procedure 18 1, 16, and 26−36, discovery shall proceed . . . ." (*See e.g* Doc. 34, D&S Ord., 1:17-18.) Finally, even a widely used litigation resource states, "[s]ome cases say RFAs are really *not* a 'discovery' device . . . . But in reality, RFAs *are* a discovery device with two functions. One function is to determine the opposing party's contentions (similar to one of the functions served by interrogatories). The other function is to narrow the scope of the case by removing issues from the case once and for all." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1970 (2012) citing Adv. Comm. Note to 1970 Amendment to FRCP 36 (and noting that FRCP 29 dealing with stipulations extending discovery timelines, treats RFAs as a discovery device.) While this resource is not binding on this court, it is frequently used by both litigants and courts

for guidance where case law is lacking.

Defendants also argue that Plaintiff's requests for admissions are unacceptable as they do not address facts as to which there is no genuine dispute and argue that requests for admissions phrased similar to two of Plaintiff's have been held improper as disguised interrogatories. (Doc. 50-1, Ds' Mot for PO, 6:10-27.) As stated above, one function of RFAs is similar to interrogatories in that they are allowed and are not improper simply for requesting information upon which to determine the opposing party's contentions. The two requests that Defendants address seek only to have the responding Defendants admit or deny the fact stated therein. Rule 36 allows this. Defendants may admit or deny those facts, or may provide a qualified denial as long as the response fairly responds to the substance of the matter. Fed. R. Civ. Pro. 36 (a)(4). Further, Defendants may agree to an alternate wording, *see Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994), and/or provide a qualified denial, setting forth in detail reasons why a full admission or denial cannot be given, *see* Fed. R. Civ. Pro. 36 (a)(4).

### b.     **Knowledge of Laws/Policies**

Defendants also argue that nearly half of Plaintiff's RFAs inappropriately ask them to admit or deny their knowledge of various laws or policies and are unacceptable since they call for improper legal conclusions and go neither to Plaintiff's claims nor any defense in this action. (Doc. 50-1, Ds' Mot for PO, 7:5-9:9.)

However, Plaintiff is entitled to discover an individual Defendant's knowledge of the law applicable to his or her actions to rebut a potential qualified immunity defense. Qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1195–96 (9th Cir. 2000) (applying qualified immunity to prison officials). A Defendant's knowledge of the applicable law at the time of the incidents in question in this action does not equate to making a legal conclusion. However, application of that knowledge to a given set of circumstances, real or hypothetical, might draw a legal conclusion. Yet, if Plaintiff propounded specific RFAs regarding an individual Defendant's

knowledge of applicable law extended to the circumstances in this case, Defendants have failed to identify it.

### c.      Disciplinary Actions and Complaints

Defendants also argue that numerous of Plaintiff's RFAs improperly seek information as to whether Defendants have been subjected to prior disciplinary actions, lawsuits, or inmate appeals that can serve no purpose other than to uncover inadmissible character evidence since based on incidents unrelated to the events alleged in the complaint.  (Doc. 50-1, Ds' Mot for PO, 9:10-10:17.)

Admissibility of character evidence is a proper objection to be raised at trial, but not necessarily in the discovery phase.  However, even at trial, evidence that would be inadmissible to prove a party's character, may be admissible for other purposes.  This is fodder for objections and/or motions in limine if this action proceeds to trial, but is premature under the circumstances here.  Plaintiff may obtain information relevant to the subject matter in the pending action against each Defendant.

Thus, Defendants are not relieved from responding to Plaintiff's RFAs.  However, the number of RFAs propounded by Plaintiff is excessive.  Thus, Defendants are ordered to respond to the first 25 RFAs in the respective set of interrogatories that Plaintiff propounded upon each of them.

### 2.      Interrogatories

The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense and reason, e.*g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated with favor.  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

Defendants ask for relief from responding to any of Plaintiff's interrogatories arguing that

7

Plaintiff exceeded the limit of 25 interrogatories per Defendant (Doc. 50-1, D's Mot for P.O., 10:20-11:9) and that Plaintiff's interrogatories requesting information on disciplinary actions, lawsuits, and/or inmate appeals against them are overbroad and not relevant to the claims and defenses in this action (*id.*, at 11:10-14:24).

### a. <u>25 number limit</u>

Absent stipulation or court order, a party may serve 25 written interrogatories, including all discrete subparts, on any other party to an action. Fed. R. Civ. Pro. 33(a)(1). Thus, Plaintiff may propound 25 separate interrogatories on each of the defendants who have appeared in this action. Defendants argue that Plaintiff propounded more than 25 interrogatories on each Defendant when the multiple subparts of his interrogatories are counted. (Doc. 50-1, D's Mot for P.O., 10:20-11:9.)

An interrogatory asking for several segments of information *relating to the same topic* counts as one interrogatory. *See Safeco of America v. Rawstrom*, 181 FRD 441, 445 (C.D. CA 1998). Defendants give three examples of interrogatories that they feel contain subparts that cause Plaintiff to exceed the 25 interrogatory limit. (Doc. 50-1, D's Mot for P.O., 10:26-116.)

The first example Defendants provide is:

> "I need you to explain how much liquid (ounces) of O.C. pepper spray is contained in each of the following canisters: (1) MK-9 cannister; (2) MK-46 cannister; (3) Z-505 fogger canister; (4) T-16 blast dispersion grenades; 5) X-10 barricade." Interrogatories No. 13 to Cogdill, Quinoes, Davis and Scaife.)

While these items may contain similar substances, the canisters/containers and the quantities of substance within each are separate and distinct inquiries. Thus, the above would count as five separate interrogatories to each of the Defendants upon whom it was propounded.

The second example Defendants provide is:

> "Do you have other pending lawsuits against you filed by prisoner(s) or any free person for denying them medical/mental health treatment, unsafe conditions of confinement, or retaliation." (Interrogatory No. 6 to Pratt) "If your answer is yes to the preceding interrogatory (Rog #6) please explain in detail and/or attach documentation which explain/detail the circumstances of these events." (Interrogatory No. 7 to Pratt.)

According to Defendants own quote, Plaintiff separated the above inquiries into two

8

interrogatories. While it may not be information that Defendant Pratt wants to disclose despite that this information is publically available, there is nothing about interrogatories number 6 and/or 7 that is excessive or related to a separate topic.

The third example Defendants provide is:

> "Identify John Does #1&2 and Jane Doe #3, names, current status, and location. (Refer to Amended Complaint ¶¶s 8-9, pgs. 6-7). Provide information in detail." (Interrogatory No.2 to Magna, Interrogatory 24 to Barbonnex.)

This is a perfectly acceptable and counts as only one interrogatory. Requesting the name, current status, and location of Doe defendants relate to one topic—identifying information for the Doe defendants.

The main problem with this aspect of Defendants' motion for protective order is that they generically argue that Plaintiff's interrogatories include subparts so as to exceed the limit of 25 interrogatories per Defendant—without telling the Court how many interrogatories they feel Plaintiff propounded on each individual Defendant. Defendants have not met their burden to show good cause as to why they should be relieved from responding to any of Plaintiff's interrogatories.

Defendants are not relieved from responding to all of Plaintiff's interrogatories. Defendants are ordered to respond to the first 25 interrogatories in the respective set of interrogatories that Plaintiff propounded upon each of them—except where otherwise restricted in this order.

### b. **Overbroad & Irrelevant**

Plaintiff is entitled to seek discovery of any non-privileged matter that is relevant to each of his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason, *e.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated with favor. A responding

9

party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

Defendants argue that Plaintiff's interrogatories requesting information on disciplinary actions, lawsuits, and/or inmate appeals against them are overbroad and not relevant to the claims and defenses in this action. (Doc. 50-1, D's Mot for P.O., 11:10-14:24.) Defendants give only two examples of allegedly offending interrogatories in this category:

> "Do you have any other lawsuits pending against the misconduct filed by a prisoner alleging you acted inappropriate against that party/person(s). Explain in detail and/or attach any documentation you may have." (Interrogatory No. 23 to Barbonnex.)
>
> "Have you been found guilty or penalized for any retaliatory misconduct against any prisoner(s) in the past 10 years, by the California Department of Correction and Rehabilitations and/or any other agency apart of the Department of Corrections . . ." (Interrogatory No. 1 to Scaife.)

Defendants argue that this type of interrogatory is not relevant as it is only designed to uncover inadmissible character evidence under Rule 404(a)(1) of the Federal Rules of Evidence. (*Id.*, at 11:24-28.) Relevance to be admissible at trial is not the standard for relevance of discovery as mentioned above. However, Defendants argument that these interrogatories are overbroad is appropriate since they seek information as to all claims against Defendants beyond the type of claims upon which Plaintiff is proceeding in this action—i.e. Plaintiff is not proceeding on retaliation claims in this action, but he seeks information regarding retaliation claims against Defendant Scaife in the latter of the two above examples.

Thus, Defendants' motion for protective order is **GRANTED** in as much as Defendant Scaife need not respond to Interrogatory No. 1. Defendants have not met their burden to show good cause as to why they should be relieved from responding to Plaintiff's interrogatories beyond the two discussed in this section. However, Defendants may curtail their responses regarding allegations against them to only claims similar to those against them upon which Plaintiff proceeds in this action—i.e. Defendants Does #1-3, Pruitt, Magana, and Davis regarding basic necessities/conditions of confinement; Defendants Cogdill, Scaiffe, Quinones, and Davis for excessive force; and Defendants Bardonnex and Williams for deprivation of yard time.

### 3.     Requests for Production of Documents ("RFPDs")

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995).  Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus*., 131 F.R.D. 560, 567 (S.D. Ind.1990).

Defendants ask for wholesale relief from responding to any of Plaintiff's RFPDs arguing that they are redundant, abusive, and improper as his requests for documents regarding disciplinary actions, lawsuits or inmate appeals are overbroad and not relevant to the claims or defenses in this this action (Doc. 50-1, D's Mot for P.O., 13:3-14:24) and that Plaintiff's requests for documents regarding use of force, hunger strike procedures, and other prison policies are not relevant (*id.*, at 14:25-115:25).

The most detail Defendants give is general summaries of three of Plaintiff's RFPDs accompanied by exemptions and privileges they feel apply to excuse any response.  (*See Id.*, at 13:15-21.)  This does not equate to meeting Defendants' burden of showing good cause to relieve them from responding to any and all of Plaintiff's RFPDs.  However, Defendants' arguments that they should not have to produce documents in response to Plaintiff's requests regarding unrelated disciplinary actions, lawsuits, or inmate appeals is valid.  Defendants may tailor their production to include only documents regarding allegations brought against them, within the five years preceding the events in question in this action, by others to claims similar to those upon which Plaintiff proceeds in this action–i.e., Defendants Does #1-3, Pruitt, Magana, and Davis regarding necessities/conditions of confinement; Defendants Cogdill, Scaiffe, Quinones, and Davis for excessive force; and Defendants Bardonnex and Williams for deprivation of yard time.

Defendants also give three general summaries of three of Plaintiff's requests seeking documents regarding use of force, hunger strike procedures, and prison policies are confidential

11

due to safety and security concerns of the institution. Defendants need not respond to three requests for production of documents that Defendants identify in this regard (numbers 5 and 16[1]).

Defendants are not protected from responding to all of Plaintiff's RFPDs. Defendants must respond to Plaintiff's RFPDs numbered 1-4, 6-15, and 17-27, within the parameters discussed above.

## III.  CONCLUSION

Defendants are not relieved wholesale of responding to the discovery which Plaintiff has propounded on them. However, there is good cause to limit the number and scope of discovery requests propounded by Plaintiff to which they need to respond. Thus, Defendants need only respond to the first 25 of each form of discovery propounded by Plaintiff. Defendants' duty to respond are further curtailed as specified in each section of this order.

## IV.  MODIFICATION OF THE DISCOVERY AND SCHEDULING ORDER

Both sides have moved to modify the discovery and scheduling order. (*See* Docs. 57, 58.) Given the above resolution of the discovery disputes in this case, good cause exists to extend the discovery cut-off deadline and dispositive motion filing deadline.[2]

## V.  ORDER

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for a protective order, filed January 23, 2014, is **GRANTED in part**;

   a. Within 45 days of the date of this order, subject to the parameters delineated herein, Defendants are to serve responses to:

      i. the first 25 Requests for Admissions that Plaintiff propounded on each of them;

      ii. the first 25 Interrogatories that Plaintiff propounded on each of them;

---

[1] While Defendants also identified Plaintiff's request numbered 49, it is not listed since beyond the first 25 of Plaintiff's RFPDs.

[2] The discovery and scheduling order is modified only as specifically delineated in this order. Nothing in this order should be construed to allow either side to propound additional discovery or raise any discovery disputes beyond those addressed in this order.

        iii.    the first 25 Requests for Production of Documents Plaintiff propounded on them as a group;[3]

2. The Discovery and Scheduling order is modified in part as follows:

    a. Defendants SHALL serve their responses to Plaintiff's propounded discovery as delineated above within 45 days of the date of this order;

    b. Plaintiff has 30 days from the date Defendants serve their discovery responses to file a motion to compel if he has a legal basis on which to conclude the responses are deficient;

    c. Any dispositive motions SHALL be filed no later than July 11, 2014.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                          **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[3] Nothing in this order restricts Defendants from asserting individual objections, privileges, and the like that they feel are applicable to the propounded discovery to which they are being ordered to respond.