1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV, | 1:10-cv-02349-AWI-JLT (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS DUCES TECUM |
| v. | |
| A.C. QUINONES, et al., | (Docs. 41, 53) |
| Defendants. | |

**I.     BACKGROUND**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §

1983.  This action is proceeding on the First Amended Complaint for Plaintiff's Eighth

Amendment claims against Defendants Does #1-3, Pruitt, Magana, and Davis for deprivation of

basic necessities; against Defendants Cogdill, Scaiffe, Quinones and Davis for excessive force;

and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time.  (Docs. 11,

17, 19, 24.)

Plaintiff filed two motions for subpoena duces tecum.  (Docs. 41, 53.)  Defendants filed an

opposition to the first of Plaintiff's motions to which Plaintiff replied.  (Docs. 43, 46.)  Defendants

did not file an opposition to the latter of Plaintiff's motions.  The motions are deemed submitted.

L.R. 230(l).

## II.      PARTIES' POSITIONS

In his motions, Plaintiff seeks subpoenas duces tecum to issue requesting numerous documents.[1]  (*See* Docs. 41, 53, P's 1st & 2nd Mot. for SDTs.)  Defendants argue that Plaintiff's motions should be denied because they are untimely under the discovery and scheduling order (Doc. 43, Ds' Opp., 1:1-14); because his subpoena is improperly formatted under Rule 45 of the Federal Rules of Civil Procedure (*id.*, at 2:15-22); and because Plaintiff's requests are overbroad and seek documents that are privileged and irrelevant (*id.*, at 2:23-12).  Plaintiff responds by arguing that the Attorney General cannot properly bring the opposition on behalf of an entity that is not a party to this action and that the Court lacks jurisdiction to rule on the arguments raised by Defendants since they filed an opposition rather than a motion to quash.  (*See* Doc. 46, P's Reply.)

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 45 permits issuance of subpoenas for discovery from nonparties equivalent to discovery from parties under Rule 34.  *See* Adv. Comm. Note to 1991 Amendment to FRCP 45.  Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Fed. R. Civ. P. 26(b).  *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955).  Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material or information.  *Id.*, (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka*

---

[1] It is noteworthy that the requested categories of documents are variously duplicative between Plaintiff's motions.

2

*Maritime Corp., Inc*., 163 F.R.D. 584 (C.D.Cal.1995)).

"The law [of discovery] begins with the presumption that the public is entitled to every person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal.1976).  A nonparty may be compelled to produce documents and tangible things as provided in Rule 45.  Fed. R. Civ. P. 34(c).  Assuming that the subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense."  Fed. R. Civ. P. 45(c)(1) and (d)(1).

## IV.    DISCUSSION

Plaintiff has the right to subpoena documents from a third party that are relevant to the claims upon which he is proceeding in this action.

### A.    Timeliness of Plaintiff's motions for subpoenas duces tecum

Defendants argue that Plaintiff's motions for subpoenas duces tecum are untimely.  (Doc. 43, Ds' Opp., 2:1-14.)  Defendants cite cases from other district courts to argue that Rule 45 subpoenas are subject to the discovery deadlines in the discovery and scheduling order.  (*Id.*)  However, the discovery and scheduling order dictates that the *parties* respond to discovery requests propounded by their opponent; it does not seek to modify the deadlines by which a third party must respond to requests. Thus, non-parties responding to a subpoena must be allowed only a reasonable time to comply.  Fed. R. Civ. Pro. 45(d)(3)(A)(i). Thus, Defendants' argument that Plaintiff's motions for issuance of subpoenas duces tecum are untimely lacks merit.

### B.    Improper Format

Defendants also argue that Plaintiff's motions should be denied because they are not formatted in compliance with Rule 45.  (Doc. 43, Ds' Opp., at 2:15-22.)  If this action were being pursued by a represented plaintiff and counsel had issued the subpoena that Plaintiff attached to his motions (*see* Doc. 41, P's 1st Mot. for SDT, p. 11; Doc. 53, P's 2nd Mot. for SDT, p. 2), Defendants' argument would have merit.  However, since Plaintiff is an inmate proceeding pro se and in forma pauperis, the subpoenas he submitted will not be utilized; rather the Court will prepare and issue the subpoenas.  Thus, Defendants' argument that Plaintiff's motions should be

1   denied because he did not properly fill out the subpoena form likewise lacks merit.

2       **C.      Privileged and Irrelevant Documents**

3       Defendants argue that Plaintiff's motions should be denied because his requests seek

4   documents that are privileged and irrelevant.  (Doc. 43, Ds' Opp., at 2:23-12.)  Plaintiff replies

5   that Defendants cannot object to issuance of the subpoenas duces tecum because they do not

6   represent the entity on whom he seeks to have the subpoenas served.

7       Ordinarily, a party cannot object to a subpoena duces tecum served on a nonparty, but

8   rather must seek a protective order or move to quash.  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633,

9   636 (C.D. Cal. 2005) (citing Schwarzer, Tashima, & Wagstaffe, California Practice Guide:

10  Federal Civil Procedure Before Trial, ¶ 11:2291 (2005 rev.); *see also Pennwalt Corp. v. Durand-*

11  *Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir. 1983)).  The burden of quashing or objecting to a

12  subpoena duces tecum is generally on the person to whom the subpoena is directed.  *See Sullivan*

13  *v. Dickson*, 283 F.2d 725 (9th Cir. 1960); Fed. R. Civ. P. 45(c)(2) and (3).  However, that general

14  rule is extended to parties where "the party claims some personal right or privilege with regard to

15  the documents sought."  *Atlantic Inv. Management, LLC v. Millennium Fund I, Ltd.*, 212 F.R.D.

16  395 (N.D. Ill. 2002) (quoting Wright & Miller, *Federal Practice and Procedure*, 9A Civil 2d §

17  2459 at 41 (1995 ed.).

18      Defense counsel correctly acknowledges that he does not represent CDCR.  (Doc. 43, Ds'

19  Opp., 2:26-27.)  He also correctly asserts that the subpoenas requested by Plaintiff are

20  objectionable on grounds of privilege and relevance.  (*Id.*)  However, defense counsel does not

21  address each individual request with the required specificity.  Rule 34(b) specifically requires that

22  each request be addressed and that if the requested inspection is not allowed, an objection and the

23  reasons for the objection "shall be stated."  The objecting entity must state specifically how,

24  despite the broad and liberal construction of federal discovery rules, each question is overly

25  broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing

26  the nature of the burden.  *Klein v. AIG Trading Group, Inc.*, 228 F.R.D. 418, 422 (D. Conn.

27  2005).  Objections must be made with sufficient specificity in accordance with Rule 34;

28  objections that are not sufficiently specific, such as statements that requests are overly broad,

4

1   burdensome, or oppressive, are waived.  *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409

2   (C.D. Cal. 2005).  Here, Defendants' objection of overly-broad and privileged are raised as a

3   general principle and are not raised in reference to a specific request.[2]  (*See i.e.* Doc. 43, 3:1-7.)

4          Despite the inadequacy of Defendants' opposition, the Court is wont to allow discovery of

5   clearly privileged correctional officers' information to inmates, or to allow wholesale release of

6   records to inmates because oppositional ineptitudes.  The below restating of the limited number of

7   Plaintiff's requests that will be allowed was undertaken in an effort to preserve Defendants'

8   clearly privileged information, to preserve the safety and security of the institution,[3] and yet to

9   allow Plaintiff to obtain information which is relevant to the claims upon which he proceeds in

10  this action.

11      **D.      Allowed Requests**

12         A subpoena duces tecum will issue within 15 days requesting production of copies

13  reflecting the following:

14             (1)  any and all documents reflecting complaints (including, but not
       limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against
15     Defendants Pruitt, Magana, and/or Davis for deprivation of basic necessities
       (conditions of confinement) in violation of the Eighth Amendment;
16
               (2)  any and all documents reflecting complaints (including, but not
17     limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against
       Defendants Cogdill, Scaiffe, Quinones, and/or Davis for excessive force in
18     violation of the Eighth Amendment;
19
               (3)  any and all documents reflecting complaints (including, but not
20     limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against
       Defendants Bardonnex and/or Williams for restricting an inmate's yard time
21     in violation of the Eighth Amendment;
22
               (4)  any and all documents reflecting complaints (including, but not
23     limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against
       Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex,
24     and/or Williams for the giving of false testimony;
25
26  [2] The only request that Defendants specifically address is Request #6 in Doc. 41 wherein Plaintiff requests
    "statements of psychiatrists, psychologist, therapist or consultants" contained in Defendants' files (Doc. 43, Ds'
    Opp., 3:8-9) which are, at the very least, privileged from disclosure under the privacy rule of the Health Insurance
27  Portability and Accountability Act ("HIPA").
    [3] Correctional officers' personal information is protected for obvious security reasons.  *See Sanchez v. City of Santa*
28  *Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).

1

2

3

4

(5)  any and all documents reflecting disciplinary action taken against Defendants Pruitt, Magana, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for deprivation of basic necessities (conditions of confinement) in violation of the Eighth Amendment;

5

6

7

(6)  any and all documents reflecting disciplinary action taken against Defendants Cogdill, Scaiffe, Quinones, and/or  Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for excessive force in violation of the Eighth Amendment;

8

9

10

(7)  any and all documents reflecting disciplinary action taken against Defendants Bardonnex and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for restricting an inmate's yard time in violation of the Eighth Amendment;

11

12

13

14

(8)  any and all documents reflecting disciplinary action taken against Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex, and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for the giving of false testimony;

15

(9)  the CDCR Daily 114 A file/log (notes) regarding Plaintiff, George E. Jacobs IV, #348666;

16

17

18

19

20

(10)  any and all documents reflecting investigations of Defendants Pruitt, Magana, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for deprivation of basic necessities (conditions of confinement) in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.;

21

22

23

24

(11)  any and all documents reflecting investigations of Defendants Cogdill, Scaiffe, Quinones, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for excessive force in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent Review ("BIR"), disciplinary audits from the office of Legal Affairs, and/or O.I.A., and the Use of Force Review Committee;

25

26

27

28

(12)  any and all documents reflecting disciplinary investigations of Defendants Bardonnex and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for restricting an inmate's yard time in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent

Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.; and

(13)  any and all documents reflecting investigations of Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex, and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for the giving of false testimony including, but not limited to documents from the Bureau of Independent Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.

Plaintiff's request for the issuance of subpoenas duces tecum is **GRANTED IN PART**. Two subpoenas will issue[4] -- one to the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and one to the Custodian of Records of the Inspector General ordering production of documents responsive to the above requests.  Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoenas following the passage of fifteen days from the date of service of this order.

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's requests for the issuance of subpoenas duces tecum, are **GRANTED IN PART** as specified in this order;

2. The issuance of subpoenas duces tecum directing the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the Custodian of Records of the Inspector General to produce responsive documents to the requests as stated hereinabove is authorized; and

3. Pursuant to Rule 45(b)(1), the parties are placed on notice that the subpoenas duces tecum will be issued after 15 days from the date of service of this order.

IT IS SO ORDERED.

Dated:   __**May 15, 2014**__                          ___**/s/ Jennifer L. Thurston**___
                                                          UNITED STATES MAGISTRATE JUDGE

---

[4] The Court will prepare and issue the subpoenas and forward them to the United States Marshal for service.

7