UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>           Plaintiff,<br><br>   v.<br><br>A.C. QUINONES, et al.,<br><br>           Defendants. | 1:10-cv-02349-AWI-JLT (PC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION FOR LACK OF JURISDICTION<br><br>(Doc. 84)<br><br>15-DAY DEADLINE |

       Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint ("1st AC").  (Docs. 11, 17, 24.)  Upon screening, the 1st AC was found to state cognizable claims against Defendants R. Davis, Pruitt, A.C. Quinones, T.J. Williams, Cogdill, Scaiffe, Bardonnex, and Magana and service upon them was ordered.  (Docs. 17, 19.)

       On August 11, 2014, Plaintiff filed a motion for temporary restraining order or preliminary injunction seeking an order prohibiting prison personnel "at Corcoran State Prison 4B Yard SHU [from] tampering with Plaintiff's mail on behalf of their co-workers -- the Defendants in this case" and exempting Plaintiff from "post security." (Doc. 84, at pp. 3, 10.)

       Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103

1

S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the manner in which Plaintiff's mail is handled. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the prison personnel who Plaintiff asserts are tampering with his mail on behalf of their co-workers -- the Defendants in this action.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of tampering with Plaintiff's mail cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This

2

action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.<sup>1</sup>

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed August 11, 2014 (Doc. 84), be denied for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2014**                             **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.