# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>    Plaintiff,<br><br>    v.<br><br>QUINONES, et al ,<br><br>    Defendants. | 1:10-cv-02349-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>(Doc. 61, 74, 81) |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the First Amended Complaint for Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pruitt, Magana, and Davis for deprivation of basic necessities; against Defendants Cogdill, Scaiffe, Quinones, and Davis for excessive force; and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time. (Docs. 11, 17, 19, 24.)

On January 23, 2014, Defendants filed a motion for protective order seeking relief from responding to discovery that Plaintiff served on October 27 and October 31, 2013. (Doc. 50, Mot for P.O., 1:21-24.) Plaintiff requested and received an extension of time to file an opposition with which he complied. (Docs. 51, 52, 55.) On May 16, 2014, an order issued granting in part Defendants' motion for a protective order, limiting which of Plaintiff's voluminous propounded discovery Defendants were required to respond to, and modifying the discovery and scheduling order to allow time for Defendants to prepare and serve their responses on Plaintiff, for Plaintiff

1

to file a subsequent motion to compel should he feel it necessary, and setting a new dispositive motion filing deadline. (Doc. 61.) On that same date, an order issued granting in part Plaintiff's motions for issuance of subpoenas duces tecum under which two subpoenas were issued and have been served (Docs. 62, 63, 66, 69.) On July 18, 2014, Plaintiff filed a motion for reconsideration of the order granting in part Defendants' motion for protective order. (Doc. 74, 81[1].)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff argues that the Magistrate Judge exceeded proper discretion by limiting the number of his requests for admissions ("RFAs") and requests for production of documents ("RFPDs") which Defendants

---

[1] On July 30, 2014, a notice was filed from Plaintiff which stated that his motion for reconsideration had been errantly, previously returned to him (Doc. 81) and in fact his motion for reconsideration and proof of service thereon are dated June 8, 2014 (Doc. 74). However, this is irrelevant as Plaintiff's motion for reconsideration is neither considered nor denied based on tardiness.

2

were required to respond to and that by doing so, Plaintiff is being denied a full and fair opportunity to discover information essential to his case.  Plaintiff specifically argues that the Magistrate Judge did not utilize the proper standards/factors in arriving at the ruling and made no determination that Plaintiff's RFAs were "unreasonable, unduly burdensome, or expensive" to justify limiting the number to which Defendants are required to respond.  (Doc. 74, p. 4.)  Plaintiff further argues that the Defendants did not meet their burden as the party seeking a protective order such that their motion should have been denied.

However, while it was noted that Defendants' motion did not meet their burden for every aspect of their motion, it was also noted that Plaintiff had propounded numerous discovery requests -- to wit, 733 RFAs, 71 RFPDs, and 172 Interrogatories with multiple subparts, which were found to be excessive under the circumstances of the case.  The Magistrate Judge ruled that Defendants had not met their burden for wholesale relief from responding to all discovery propounded by Plaintiff (as they sought), but specifically addressed the issues raised by Defendants and Plaintiff's opposition and then formed a detailed order directing Defendants to provide responses to 25 RFPDs, 25 RFAs, and 25 interrogatories with caveats clarifying the scope of issues to be encompassed by Defendants' responses (i.e. that they must provide responses/documents pertaining to prior complaints against them for acts similar to those on which Plaintiff proceeds against each of them in this action) and illuminating fallacies in various of Defendants' objections which were not valid to raise with their responses (i.e. which types of subparts to interrogatories are acceptable).

As propounded, Plaintiff's discovery was oppressive under Rule 26(b)(2) of the Federal Rules of Civil Procedure and was properly curtailed in the Protective Order.  The court has broad powers to limit discovery, within which the order granting in part Defendants' request for discovery protection was issued.  The discovery that Defendants were ordered to respond to, combined with the recent issuance of two subpoenas duces tecum provide more than ample opportunity for Plaintiff to obtain the information he seeks by discovery in this action, justifying the limits on the extent of Plaintiff's discovery imposed by the Magistrate Judge's order.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this
2 Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
3 Court finds the Magistrate Judge's order granting in part Defendants' motion for protective order
4 to be supported by the record and proper analysis.
5    Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order
6 granting in part Defendants' motion for protective order, filed July 18, 2014 (Doc. 74), is
7 HEREBY DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2014                                    _____
                                                                SENIOR  DISTRICT  JUDGE

4