UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A.C. QUINONES, et al.,<br><br>　　　　Defendants. | 1:10-cv-02349-AWI-JLT (PC<br><br>ORDER GRANTING MOTION TO<br>QUASH SUBPOENA DUCES TECUM<br><br>(Doc. 83) |

**I. Background**

　　Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the First Amended Complaint for Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pratt[1], Magana, and Davis for deprivation of basic necessities; against Defendants Cogdill, Scaiffe, Quinones and Davis for excessive force; and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time. (Docs. 11, 17, 19, 24.)

　　Plaintiff filed motions for subpoena duces tecum ("SDT") which were granted in part. (Docs. 41, 53, 62.) Non-party California Department of Rehabilitation and Correction ("CDCR") filed a motion to quash or, in the alternative for protective order. (Doc. 83.) Plaintiff filed an

---

[1] Erroneously sued herein as "Pruitt."

1

opposition[2] to which CDCR replied.  (Docs. 96, 98.)  The motion is deemed submitted.  L.R. 230(l).

## II. Legal Standards

"The law [of discovery] begins with the presumption that the public is entitled to every person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal.1976).  It is on this premise that a nonparty may be compelled to produce documents and tangible things as provided in Federal Rule of Civil Procedure ("Rule")[3] 45.  Fed. R. Civ. P. 34(c).  Rule 45 permits issuance of subpoenas for discovery from a nonparty equivalent to discovery from parties under Rule 34.  *See* Adv. Comm. Note to 1991 Amendment to FRCP 45.  Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions Rule 26(b).  *See Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955).  Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material or information.  *Id.*, (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v. Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584 (C.D.Cal.1995)).

Assuming that a subpoena is properly constituted and served, Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or expense."  Fed. R. Civ. P. 45(c)(1) and (d)(1)(D).  Rule 45(c)(2)(B) allows a person who is commanded to produce

---

[2] It is noteworthy that Plaintiff's opposition is 153 pages in length.
[3] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

documents or tangible things or to permit inspection under a subpoena to serve a written objection on the issuing party.  Alternatively, one upon whom a subpoena is served may move to have it quashed or modified.  Upon filing of such motion, Rule 45 (c)(3)(A) provides that a court *must* quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

"Official information" is a qualified privilege which protects documents from production when their disclosure would be harmful to the public interest.  *See e.g., Kerr v. United States Dist. Ct. for ND. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).  The official information privilege is based on judicial recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant governmental interests" and that discovery of information in law enforcement files "sometimes implicates rights of privacy that are not inconsequential." *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987).  Government personnel files are generally considered "official information."  *See*, *e.g. Sanchez,* 936 F.2d at 1033; *Zaustinsky v. University of Cal*., 96 F.R.D. 622, 625 (N.D. Cal. 1983).  To determine whether disclosure of information should be restricted as privileged, "courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery." *Sanchez*, 936 F.2d at 1033-34, citing *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir. 1980); *Zaustinsky*, 96 F.R.D. at 625.

A person desiring to withhold information as privileged must both expressly make the claim and provide a description of the nature of the withheld items "in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (d)(2)(A).  One accepted mechanism for asserting privilege(s) is via a privilege log.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1993) citing *Dole v. Milonas*, 889 F.2d 885, 888 n. 3, 890 (9th Cir. 1989).  A privilege log should set forth (a) the general nature of the document (without disclosing its contents); (b) the identity and position of its author;

(c) the date it was written; (d) the identity and position of all addressees and recipients; (e) the documents' present location; and (f) the specific reason(s) it was withheld (i.e. which privilege is claimed).  *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2nd Cir. 1996).  Failure to provide sufficient information may constitute waiver of privilege.  *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (CD CA 2005).   Though, where creation of a document-by-document privilege log would be unreasonably burdensome (e.g. voluminous documents claimed to be privileged), a description by category may suffice.  *See* Adv. Comm. Note to 1993 Amendment to FRCP 26(b).

### III.  Discussion[4]

The SDT at issue in this motion directed the CDCR to produce the following:

(1)  any and all documents reflecting complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against Defendants Pruitt, Magana, and/or Davis for deprivation of basic necessities (conditions of confinement) in violation of the Eighth Amendment;

(2)  any and all documents reflecting complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against Defendants Cogdill, Scaiffe, Quinones, and/or Davis for excessive force in violation of the Eighth Amendment;

(3)  any and all documents reflecting complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against Defendants Bardonnex and/or Williams for restricting an inmate's yard time in violation of the Eighth Amendment;

(4)  any and all documents reflecting complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) against Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex, and/or Williams for the giving of false testimony;

(5)  any and all documents reflecting disciplinary action taken against Defendants Pruitt, Magana, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for deprivation of basic necessities (conditions of confinement) in violation of the Eighth Amendment;

(6)  any and all documents reflecting disciplinary action taken against Defendants Cogdill, Scaiffe, Quinones, and/or  Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate

---

[4] In arriving at this decision, this Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, objections, and other papers filed by the parties in regards to CDCR's motion to quash the SDT in question.  Omission of reference to an argument, document, paper, or objection is not be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate for this motion.

grievances, i.e. 602) for excessive force in violation of the Eighth Amendment;

 (7) any and all documents reflecting disciplinary action taken against Defendants Bardonnex and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for restricting an inmate's yard time in violation of the Eighth Amendment;

 (8) any and all documents reflecting disciplinary action taken against Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex, and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for the giving of false testimony;

 (9) the CDCR Daily 114 A file/log (notes) regarding Plaintiff, George E. Jacobs IV, #348666;

 (10) any and all documents reflecting investigations of Defendants Pruitt, Magana, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for deprivation of basic necessities (conditions of confinement) in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.;

 (11) any and all documents reflecting investigations of Defendants Cogdill, Scaiffe, Quinones, and/or Davis based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for excessive force in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent Review ("BIR"), disciplinary audits from the office of Legal Affairs, and/or O.I.A., and the Use of Force Review Committee;

 (12) any and all documents reflecting disciplinary investigations of Defendants Bardonnex and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for restricting an inmate's yard time in violation of the Eighth Amendment including, but not limited to documents from the Bureau of Independent Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.; and

 (13) any and all documents reflecting investigations of Defendants Pruitt, Magana, Davis, Cogdill, Scaiffe, Quinones, Bardonnex, and/or Williams based on complaints (including, but not limited to filings in a civil lawsuit or by inmate grievances, i.e. 602) for the giving of false testimony including, but not limited to documents from the Bureau of Independent Review ("BIR"), and disciplinary audits from the office of Legal Affairs, and/or O.I.A.

In the motion to quash, the CDCR argues that producing the requested documents would require CDCR to produce information protected by the official information privilege and disclosure would infringe on the privacy rights of Defendants and third parties. (Doc. 83-1, 2:14-

4:5.) The motion to quash accurately cites a plethora of legal authority that recognizes the dangers, both to correctional staff and inmates, if investigative reports and interviews are disclosed. (*Id.*) CDCR also submitted a privilege log in support of the motion to quash that identifies the date of the document, the identity and position of recipients, the identity and position of authors, document descriptions, each applicable privilege asserted for a given document, and the document's present location[5] (Doc. 83-2) as well as a declaration of the Litigation Coordinator at California State Prison - Corcoran, M. Kimbrell, which also discusses the dangers of releasing staff investigations and associated documents to inmates (Doc. 83-3, at ¶¶18-21). Ms. Kimbrell's declaration also states, due to the safety and security implications, all such confidential documents are maintained under lock and key and are accessible only to authorized personnel. (*Id.*, at ¶22.)

Further, upon receipt of the SDT, Ms. Kimbrell initiated a search for all of the requested documents which included a review of the named Defendants' personnel and Office of Internal Affairs files, as well as the Inmate/Parolee Appeals tracking systems for staff complaints against the named Defendants and she personally reviewed all CDCR documents provided to the Office of the Attorney General in response to the SDT. (*Id.,* at ¶4.) Inmate appeals ("IAs") that are categorized as a staff complaint are searchable by the staff member's name and are investigated resulting in a confidential, personnel document. (*Id.*, at ¶17.)   IAs that are not categorized as staff complaints can only be searched via the inmate's name (not the names of any correctional staff that might be mentioned therein) and do not initiate investigation of any issues regarding correctional staff. (*Id.*, at ¶16.)

Ms. Kimbrell's search revealed that:  a number of the Defendants do not have any disciplinary actions in their personnel files or the OIA files on claims similar to those Plaintiff is proceeding on against them in this action (*id.*, at ¶¶5-7, 9-11); none of them have any disciplinary actions based on complaints for giving false testimony (*id.*, at ¶¶8, 12); and there are no records

---

[5] Plaintiff's argument that the privilege log is deficient since "vague and overly compound, and lacks sufficient information to be able to determine the validity of their privilege claim" (Doc. 96, pp. 19-20) lacks merit.  The privilege log is clear and definitive. (*See* Doc. 83-2.)

6

of any staff complaints against Defendants Davis or Quinones (*id.*, at ¶13.)  Most importantly, of the few investigations and/or staff complaints that exist against any of the named Defendants, all were determined to be unfounded.  (*Id.*, at ¶14.)  CDCR asserts that, of the few responsive documents that exist, since none of the allegations have been substantiated, their only probative value would be to improperly attack the character of Defendants in violation of Rule 608(b).  (*Id.*, at 4:5-16.)

Given all of the above, CDCR has met the burden as the moving party to quash the SDT in question.

In his opposition, Plaintiff argues that the CDCR's motion to quash was untimely since it was not filed within fourteen days of service, citing Rule 45 (c)(2)(B).  (Doc. 96, pp. 2-3.)  However, the fourteen day deadline in Rule 45 (c)(2)(B) applies to objections made to the issuing party/counsel.  The motion to quash was filed on the date that production was ordered under the SDT which is not untimely under Rule 45(c)(3)(A).  There is no requirement that a person commanded to produce documents must serve timely objections rather than, or in advance of filing a motion to quash.

Plaintiff also repeatedly argues that the order on Defendants' motion for protective order precludes the assertion of privileges by CDCR in the motion to quash.  (Doc. 96, pp. 4-6, 10, 15, 22.)  While Plaintiff is correct that Rule 24 allows for intervention in actions, he is remiss in his assertion that, to be able to object to the SDT, they must have challenged the protective order by intervening in this action.  (*Id.*, at p. 5.)  There is no such requirement.  While Plaintiff cites a number of cases where non-parties objected and/or sought to modify protective orders, none of them hold that a non-party cannot move to quash a SDT.  Plaintiff is also confusing the underlying evidence upon which the protective order issued in this case with that raised in the motion to quash.  (*Id.*, at pp. 4-5, 10-16.)  The protective order addressed voluminous discovery requests that Plaintiff propounded on Defendants.  (Doc. 61.)  While privileges were briefly addressed in the protective order, they were ruled premature under the circumstances and information presented to the Court with that motion.  (*Id.*, at 7:9-14.)  At the time the protective

7

order was issued, there was no evidence before the Court as to the quantity and resolution of any claims/complaints against any/all of the Defendants.  This is in stark contrast to the current motion in which CDCR has presented evidence that Ms. Kimbrell has personally reviewed all of the responsive documents and has declared under penalty of perjury that all accusations in any documents that might be responsive to the SDT were unsubstantiated/unfounded.  Ms. Kimbrell's declaration removes any doubt (which weighed in Plaintiff's favor at the time the protective order issued) that the documents requested in the SDT are unlikely to lead to the discovery of admissible evidence.

Plaintiff also argues that CDCR has not been specific enough in their objections and that their objections of "overly broad, unduly burdensome, or oppressive" need to be substantiated by declarations from the heads of the Department or offering evidence revealing the nature of the burden, citing Doc. 62 which is the order that granted in part his motion for SDTs to issue.  This argument is misplaced.  CDCR does not raise any "overly broad, unduly burdensome, or oppressive" objections in the motion to quash.  The basis for CDCR's motion to quash the SDT are specific and clear, and are supported as required by both Ms. Kimbrell's declaration and the privilege log.

Plaintiff further argues that Ms. Kimbrell lacks authority and her declaration should be stricken from the record.  (Doc. 96, pp. 8-9.)  However, as the Litigation Coordinator, Ms. Kimbrell is the head of the legal department for California State Prison - Corcoran.  Her declaration is sufficient for purposes of the motion to quash.

Near the end of his opposition, Plaintiff requests sanctions under Rules 26(g), 30(d)(2), and 37 (a-d).  (Doc. 96, pp. 20-25.)  However, sanctions are inappropriate since the motion to quash is being granted.

**IV.  Order**

Accordingly, it is HEREBY ORDERED that the motion to quash, filed on August 8, 2014 (Doc. 83) by the California Department of Corrections and Rehabilitation, is **GRANTED** and Plaintiff's subpoena deuces tecum to the California Department of Corrections and Rehabilitation,

issued on June 3, 2014, served on June 13, 2014, and filed on June 16, 2014 (Doc. 66), is **QUASHED** in its entirety.

IT IS SO ORDERED.

Dated:    **October 23, 2014**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE