# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>        Plaintiff,<br><br>    v.<br><br>A.C. QUINONES, et al.,<br><br>        Defendants. | 1:10-cv-02349-AWI-JLT (PC)<br><br>ORDER GRANTING AND DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DENYING SANCTIONS<br><br>(Doc. 108) |

**I. Background**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the First Amended Complaint for Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pratt[1], Magana, and Davis for the conditions of his confinement via deprivation of basic necessities; against Defendants Cogdill, Scaiffe, Quinones and Davis for excessive force; and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time. (Docs. 11, 17, 19, 24.) On December 5, 2014, Plaintiff filed a motion to compel production of documents and for sanctions. (Doc. 108.) Defendants filed an opposition to which Plaintiff replied. (Docs. 126, 134.) The motion is deemed submitted.[2] L.R.

---

[1] Erroneously sued herein as "Pruitt."
[2] The Court has reviewed Plaintiff's motion, the opposition, and reply and all exhibits submitted therewith, but declines to exhaustively list every argument presented, every fact recited, and every piece of evidence submitted by the parties. Omission in this order of reference to various arguments, facts, or evidence should not be interpreted by the parties as an indication that the Court overlooked that argument, fact, or piece of evidence.

1

230(l).

## II. Motion to Compel Production of Documents

Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995). Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer. *E.g., Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind.1990). Further, the responding party has a duty to supplement any responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden in his motion to compel to demonstrate why the objection is not justified. *See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007). In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. *Id.*, *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Singleton v. Hedgepath,* No. 1:08-cv-00095-AWI, 2011 WL 1806515, at *4 (E.D. Cal. May 10, 2011); *Williams v. Adams*, 1:05-cv-00124-AWI-SMS (PC), 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

### A. Plaintiff's Disputed Requests for Production of Documents ("RFPD")

**RFPD No. 1:**
> All documents that defer [sic] to allegations of misconduct or other improper conduct by prison staff involving all named Defendants, whether such allegations were made by an inmate or by a member of the prison staff, during relevant time period, per Departmental Operational Manual (D.O.M §54100. 25.5 §54100.25.6. §54100.25.7; also pursuant to P.C. 832.5 (a); evidence codes §§1043-1046; F.R.C.P.- 26(a-d); 34(a)(b); 37(a-d).

**Defendants' Response:**

> Objection. The request is vague, ambiguous, and unintelligible. The request is overbroad and seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence. The request seeks disclosure of confidential information that: 1) may threaten the security of the California Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) cannot be possessed by an inmate, as it is confidential under California Code of Regulations title 15, §§ 3321, 3450(d); 3) is not subject to disclosure under California Government Code § 6254(c) and (f); and 4) protected by other individuals' privacy rights, whose rights Responding Party is without authority to waive. The request seeks confidential and private information protected under the United States Constitution, California Constitution, sections 832.7 and 6126.3 of the California Penal Code, and sections 1043 and 1045 of the California Evidence Code. The documents are protected by official information and public employee personnel records privacy privileges. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1991). Without waiving these objections, and limiting the request in accordance with the Court's Order of May 16, 2014 (ECF No. 61), Responding Party answers: See attached privilege log.

**Ruling:**

The protective order that issued over a year ago, curtailing discovery propounded by Plaintiff, limited the parameters for Plaintiff's inquiries into complaints against the named Defendants to only complaints filed against them in the five years preceding the events in question in this action on similar claims to those under which Plaintiff proceeds in this action (i.e. deprivation of basic necessities, excessive force, and insufficient yard time; not retaliation, medical issues, religion issues, or any other sort of claim). (Doc. 61, pp. 10-11.) Thus, Defendants' objection that this request is overbroad and seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence is SUSTAINED.

Defendants also raise the official information privilege. "Official information" is a qualified privilege which protects documents from production when their disclosure would be harmful to the public interest. *See e.g., Kerr v. United States Dist. Ct. for ND. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). The official information privilege is based on judicial recognition that "disclosure of at least some kinds of information developed by law enforcement could harm significant governmental interests" and that discovery of information in law enforcement files

1  "sometimes implicates rights of privacy that are not inconsequential." *Kelly v. City of San Jose*,
2  114 F.R.D. 653, 660 (N.D. Cal. 1987). Government personnel files are generally considered
3  "official information." *See*, *e.g. Sanchez,* 936 F.2d at 1033; *Zaustinsky v. University of Cal.*, 96
4  F.R.D. 622, 625 (N.D. Cal. 1983). To determine whether disclosure of information should be
5  restricted as privileged, "courts must weigh the potential benefits of disclosure against the
6  potential disadvantages. If the latter is greater, the privilege bars discovery." *Sanchez*, 936 F.2d at
7  1033-34, citing *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384-85 (5th Cir. 1980);
8  *Zaustinsky*, 96 F.R.D. at 625.

9      A person desiring to withhold information as privileged must both expressly make the
10 claim and provide a description of the nature of the withheld items "in a manner that, without
11 revealing information itself privileged or protected, will enable the parties to assess the claim."
12 Fed. R. Civ. P. 45 (d)(2)(A). One accepted mechanism for asserting privilege(s) is via a privilege
13 log. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1993) citing *Dole v. Milonas*,
14 889 F.2d 885, 888 n. 3, 890 (9th Cir. 1989). A privilege log should set forth (a) the general nature
15 of the document (without disclosing its contents); (b) the identity and position of its author; (c)
16 the date it was written; (d) the identity and position of all addressees and recipients; (e) the
17 documents' present location; and (f) the specific reason(s) it was withheld (i.e. which privilege is
18 claimed). *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2nd Cir.
19 1996). Failure to provide sufficient information may constitute waiver of privilege. *Ramirez v.*
20 *County of Los Angeles*, 231 F.R.D. 407, 410 (CD CA 2005).

21     Plaintiff's motion to compel seeks documents reflecting complaints against the named
22 Defendants for misconduct or improper misconduct, the disclosure of which was previously ruled
23 on in the order quashing Plaintiff's subpoena duces tecum ("SDT") which issues in this case to
24 obtain records from the California Department of Corrections and Rehabilitation ("CDCR").
25 (Docs. 83, 103.)

26     CDCR's motion to quash was supported with a declaration from the Litigation
27 Coordinator at California State Prison - Corcoran, M. Kimbrell, which discusses the dangers of
28 releasing staff investigations and associated documents to inmates (Doc. 83-3, at ¶¶18-21); that

4

due to the safety and security implications, all such confidential documents are maintained under lock and key and are accessible only to authorized personnel (*id.*, at ¶22); that she conducted a search for all of the requested documents which included a review of the named Defendants' personnel and Office of Internal Affairs files, as well as the Inmate/Parolee Appeals tracking systems for staff complaints against the named Defendants and she personally reviewed all CDCR documents provided to the Office of the Attorney General in response to the SDT (*id.,* at ¶4); that inmate appeals ("IAs") that are categorized as a staff complaint are searchable by the staff member's name and are investigated resulting in a confidential, personnel document (*id.*, at ¶17); that IAs that are not categorized as staff complaints can only be searched via the inmate's name (not the names of any correctional staff that might be mentioned therein) and do not initiate investigation of any issues regarding correctional staff (*id.*, at ¶16); that her search revealed that: a number of the Defendants do not have any disciplinary actions in their personnel files or the OIA files on claims similar to those Plaintiff is proceeding on against them in this action (*id.*, at ¶¶5-7, 9-11); none of them have any disciplinary actions based on complaints for giving false testimony (*id.*, at ¶¶8, 12); there are no records of any staff complaints against Defendants Davis or Quinones (*id.*, at ¶13); and that, most importantly, of the few investigations and/or staff complaints that exist against any of the named Defendants, all were determined to be unfounded (*id.*, at ¶14). The Court agreed with CDCR that, of the few responsive documents that exist, since all of the allegations were insubstantiated, their only probative value would be to improperly attack the character of Defendants in violation of Rule 608(b). (*Id.*, at 4:5-16.) The documents sought in the SDT were ruled unlikely to lead to the discovery of admissible evidence and it was quashed. (Doc. 103.)

Defendants raise the official information privilege and privacy privilege and submit an adequate privilege log as to the withheld documents which is supported by the declaration of M. Kimbrell. (Doc. 126, at pp. 35-41.) Plaintiff contends that Kimbrell's declaration is inadmissible hearsay under Federal Rules of Evidence 801-807. (Doc. 134, at 3:1-5.) However, declarations and/or affidavits such as Kimbrell's are perfectly appropriate and are part of standard motion practice. *See* L.R. 230(b), (h). Kimbrell's declaration is signed under penalty of perjury and is

not inadmissible hearsay as Plaintiff argues

Plaintiff also contends that the privilege log submitted by Defendants in response to his motion to compel does not list the same documents as those listed by the CDCR in their motion to quash the SDT and that Defendants are thus misleading the Court. (Doc. 134, at 3:5-27.) However, two of the documents listed on Defendants' privilege log are also reflected on the CDCR's privilege log. (*Compare* Doc. 83-2 at ##13, 17; Doc. 126, at pp. 34-36.) Further, Defendants' privilege log is sufficient in and of itself to protect the documents listed on it that are not reflected on the CDCR's privilege log. Plaintiff also argues "DIG's privilege log lists 6 documents in their possession." (Doc. 134, at 3:23-24.) However, Plaintiff neither attaches a copy of any such privilege log from "DIG," nor does he cite where it is located and the Court is unaware of any such document for consideration on this issue.

Accordingly, Plaintiff's motion to compel further production to RFPD No. 1 is **DENIED**.

**RFPDs No. 3 & 4:**

In his reply, Plaintiff acknowledged that Request for Production No. 3 & No. 4 are inappropriate. (Doc. 134, at 4:15-17.) Thus, Plaintiff's motion to compel thereon is **DENIED**.

**RFPD No. 6:**
> All documents that refer to the Corcoran State Prison calculated use of force policies and procedures authorized by the C.S.P.- Corcoran Warden, for the relevant time period of 2006-2008, pursuant to E.V. Codes §§1530, 1532; including but not limited to institutional O.P. manual for the use of force. F.R.C.P.- 26, 34, 37.

**Defendants' Response:**
> Objection. The request is vague, ambiguous, and unintelligible. The request is overbroad and seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence. The request seeks disclosure of confidential information that: 1) may threaten the security of the California Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) cannot be possessed by an inmate, as it is confidential under California Code of Regulations title 15, §§ 3321, 3450(d); 3) is not subject to disclosure under California Government Code § 6254(c) and (f); and 4) protected by other individuals' privacy rights, whose rights Responding Party is without authority to waive. The request seeks confidential and private information protected under the United States Constitution, California Constitution, sections 832.7 and 6126.3 of the California Penal Code, and sections 1043 and 1045 of the California Evidence Code. Without waiving these objections, and limiting the request in accordance with the Court's Order of May

16, 2014 (ECF No. 61), Responding Party answers: All non-confidential, responsive documents in Defendants' possession, custody, and control are attached in Attachment 1.

**Ruling**:

In his motion to compel, Plaintiff argues that Defendants produced "a photocopy of the CDCR policy on use of force within the department. General acts of force being used." (Doc. 108, 15:20-26.) Plaintiff asserts "this information is contained in the CDCR Title 15 manual issued out to all prisoners and online at the CDCR's website," but that it "has nothing to do with specific policies implemented and promulgated by Corcoran State Prison, which may be contradictory to the CDCR calculated use of force authorized by the Department of Corrections." (*Id.*, at 15:26-16:2.) Plaintiff asserts that he has evidence of Corcoran's own use of force policy and refers to his attached Exhibit C. (*Id.*, at 16:2-7.) Plaintiff's Exhibit C contains: the first page of the Operational Procedure Index for California State Prison - Corcoran and page 52 of the Operational Procedure manual, showing sections 803-903(A)(1). (*Id.*, at pp. 54-56.) Plaintiff then argues that Defendants have clearly not provided the correct responsive documents and do not mention "O.P. #010" nor list it on any privilege log. (*Id.*, at 16:7-18.)

Defendants counter that Plaintiff did not attach the documents they produced to his motion for the Court to see what has been produced; that he has not met his burden as the moving party; and that he has not shown prejudice since he already has access to use-of-force policy and procedure documents which is shown by his attaching them as an exhibit to his motion. (Doc. 126, 19:1-13.) On page five, lines one through three of his reply, Plaintiff states that he submitted copies of the documents Defendants produced with his motion and refers to page two of his reply, where he refers to Exhibits A&B to his motion to compel which contain copies of Defendants' responses to Plaintiff's Requests for Production of Documents and a variety of documents. (Docs. 134, 108.) Thus, it appears that Plaintiff *did* submit the documents Defendants produced, but that Defendants overlooked them. However, Plaintiff did not make any arguments to meet his burden of showing that the documents produced were insufficient and Defendants likewise did not explain their sufficiency.

7

However, Defendants raise a more definitive argument on this point that the use-of-force policies and procedures are not calculated to lead to the discovery of admissible evidence since violation of any such policies and/or procedures does not amount to a cognizable claim under federal law, nor would it amount to an independent cause of action under section 1983. (Doc. 126, at 19:14-26.)

Plaintiff replies by arguing that he is entitled to obtain evidence that is likely to lead to the discovery of admissible evidence -- which is an accurate statement of the definition of "relevance" during discovery. (Doc. 134, 5:1-6:3.) However, Plaintiff cites *Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991) and argues that "claims can be based on prison policies or practices of such policies in place at the prison" and that "claims such as these are similar to prison conditions of confinement cases, in which a prisoner need only prove deliberate indifference." (Doc. 134, 6:3-17.) Plaintiff's reliance on *Redman* is misplaced as it involved a claim that a jail policy caused violation of Plaintiff's constitutional rights. That is not the case here. Plaintiff is not proceeding on a claim against the policy makers because a policy caused a violation of his constitutional rights -- that would be an entirely different claim, against different defendants. Plaintiff's claims are directly against each of the named Defendants for injuries he alleges based on their own acts. Their compliance or lack of compliance with a policy and/or procedure in effect at CSP-Corcoran has no effect and is not relevant to the claims upon which he is proceeding in this action.

Accordingly, Plaintiff's motion to compel further production to RFPD No. 6 is **DENIED**.

**RFPD No. 10:**
> Please produce and relinquish all documents an [sic] any reports that refer or relate to the use of force used upon Plaintiff for the relevant time period of this suit, pursuant to E.V. Codes §§1530,1532,1600; F.R.C.P- 26(a-d), 34(a)(b), 37(a-d).

**Defendants' Response:**
> Objection. The request is vague, ambiguous, and unintelligible. The request is overbroad and seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence. The request seeks disclosure of confidential information that: 1) may threaten the security of the California Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) cannot be possessed by an inmate, as it is

8

confidential under California Code of Regulations title 15, §§ 3321, 3450(d); 3) is not subject to disclosure under California Government Code § 6254(c) and (f); and 4) protected by other individuals' privacy rights, whose rights Responding Party is without authority to waive. The request confidential and private information protected under the United States Constitution, California Constitution, sections 832.7 and 6126.3 of the California Penal Code, and sections 1043 and 1045 of the California Evidence Code. (See Privilege Log.) Without waiving these objections, and limiting the request in accordance with the Court's Order of May 16, 2014 (ECF No. 61), Responding Party answers: All non-confidential, responsive information in Responding Party's possession, custody, and control are attached in Attachment 3.

**Ruling:**

In his motion to compel, Plaintiff asserts that section 3268.1 of Title 15 of the California Code of Regulations provides the policies and requirements for reporting and investigating an incident involving use of force allegations and Plaintiff attached a copy of that section as Exhibit D. (Doc. 108, 16:19-24, Exh D.) Plaintiff then explains the procedure that is supposed to be followed per that section. (*Id.*, at 16:24-17:6.) Plaintiff argues that Defendants have not searched for the responsive documents and "cannot lie or deny these documents do not exist, due to the fact it is apart [sic] of their policy, custom and practice to submit these forms anytime force - calculated force is used by a CDCR employee/guard." (*Id.*, at 17:9-17.)   In their response to Plaintiff's RFPD No. 6, Defendants do not assert that such documents do not exist. They state their objections and then state that non-confidential, responsive information in their possession, custody, and control are attached. Plaintiff has not met his burden as the moving party as he did not address Defendants' stated objections in any way, let alone prove they are not justified.

Accordingly, Plaintiff's motion to compel further production to RFPD No. 10 is **DENIED**.

**RFPD No. 11:**
"Please produce and relinquish all and any tangible items, including but not limited to; all photographs taken of Plaintiff, the incident and/or injuries of any party subject to this suit, pursuant to E.V. Codes §§1550, 1553, F.C.R.P."

**Defendants' Response:**
Objection. The request seeks documents equally available to Plaintiff. Fourteen photographs taken in investigation of the September 12, 2007 incident will be made available for the Plaintiff to review upon his request made through the Litigation Coordinator's office at California State Prison, Corcoran.

9

**Ruling:**

In his reply, Plaintiff indicates that, due to his current housing status, he is unable to review documents in the manner suggested by Defendants. (Doc. 134, 4:1-4.) Thus, they are not "equally available" to Plaintiff. Further, it is not unreasonable that Plaintiff should have copies of the photographs readily at hand for his trial preparation. Finally, there are only fourteen photographs, such that it will not be an excessive expense for Defendants to provide copies to Plaintiff. The copies should be in color, but need not be on photograph paper; rather they may be on regular office paper. Plaintiff's motion to compel documents responsive to RFPD No. 11 is **GRANTED**. Defendants are to serve copies of the photographs as discussed herein on Plaintiff within 21 days of the date of service of this order.

**RFPDs No. 13-15 and 17-27:**

Plaintiff also seeks to compel production of documents responsive to his RFPDs No. 13-15 and 17-27 despite the fact that Defendants responses to these requests indicate that no such documents or items have ever existed. That Plaintiff would like to have copies of any such documents if they existed is understandable. However, Defendants cannot be compelled to produce items and/or documents that do not exist. Therefore, Plaintiff's motion to compel production in response to RFPDs No. 13-15 and 17-27 are **DENIED**.

**IV.  Motion for Sanctions**

In the last sentence of his motion, Plaintiff requests "imposition of sanctions for improper discovery conduct/abuses." (Doc. 108, 23:20-21.) Federal Rule of Civil Procedure 37(a)(5) prohibits the imposition of sanctions if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances exist to make the imposition of sanctions unjust. Plaintiff makes no showing as to the basis upon which he seeks sanctions. Just because discovery disputes arose does not justify imposition of sanctions. Defendants' responses to Plaintiff's discovery requests were substantially justified -- as is particularly evident by the fact that the majority of Plaintiff's motion to compel is being denied. Accordingly, Plaintiff's request for sanctions is **DENIED**.

///

10

### V. Legibility

Plaintiff is incarcerated and is representing himself in this action. Under those circumstances, the Court is lenient in overlooking technical and other errors. However, Plaintiff's handwriting style of utilizing all capital letters that are all the same size, coupled with his failure to leave extra space between sentences and to double-space his sentences renders his motions extremely difficult to read -- particularly given his verbosity and prolix writing style. Plaintiff is required to submit filings that are "clearly legible." Local Rule 7-130(b). Plaintiff is required to leave a double-space between sentences, or to use a larger letter to begin each sentence and to double-space the lines of his filings. Local Rule 7-130(c). Failure to do so may result in an order striking all filings that are over one page in length from the record.

### ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion to compel production of documents and for sanctions, filed on December 5, 2014 (Doc. 108), is:

    A. GRANTED as to Plaintiff's RFPD No. 11;

    B. DENIED as to Plaintiff's RFPDs No. 1, 6, 10, 13-15, and 17-27; and

    C. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **June 12, 2015**       /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE