# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A.C. QUINONES, et al.,<br><br>　　　　　Defendants. | 1:10-cv-02349-AWI-JLT (PC)<br><br>ORDER GRANTING AND DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND DENYING SANCTIONS<br><br>(Docs. 107, 115) |

**I. Background**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the First Amended Complaint for Plaintiff's Eighth Amendment claims against Defendants Does #1-3, Pratt[1], Magana, and Davis for the conditions of his confinement via deprivation of basic necessities; against Defendants Cogdill, Scaiffe, Quinones and Davis for excessive force; and against Defendants Bardonnex and Williams for depriving Plaintiff of yard time. (Docs. 11, 17, 19, 24.) On December 5, 2014, Plaintiff filed a motion to compel further responses to his interrogatories and for sanctions. (Doc. 107.) On December 15, 2015, Plaintiff filed a separate motion for sanctions. (Doc. 115.) After receiving extensions of time, Defendants filed an opposition to both of these motions to which Plaintiff

---

[1] Erroneously sued herein as "Pruitt."

1

replied. (Docs. 127, 143.) The motion is deemed submitted.[2]  L.R. 230(l).

**II. Motion to Compel Further Responses to Interrogatories**

Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason, *e.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated with favor.

A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden in his motion to compel to demonstrate why the objection is not justified. *See Glass v. Beer,* No. 1:04-cv-05466-OWW-SMS, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007). In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified. *Id.*, *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Singleton v. Hedgepath,* No. 1:08-cv-00095-AWI, 2011 WL 1806515, at *4 (E.D. Cal. May 10, 2011); *Williams v. Adams*, 1:05-cv-00124-AWI-SMS (PC), 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

///

---

[2] The Court has reviewed Plaintiff's motion, the opposition, and reply and all exhibits submitted therewith, but declines to exhaustively list every argument presented, every fact recited, and every piece of evidence submitted by the parties. Omission in this order of reference to various arguments, facts, or evidence should not be interpreted by the parties as an indication that the Court overlooked that argument, fact, or piece of evidence.

2

### A. Interrogatories to Multiple Defendants

**Interrogatory No. 5 to Bardonnex; No. 10 to Cogdill; No 10 to Davis; No. 8 to Magana; No. 10 to Quinones; No. 10 to Pratt:**
"What are the living conditions of a prisoner placed in a management cell. Please explain in detail."

**Response by Bardonnex, Cogdill, Davis, Magana, and Quinones:**
Objection. The interrogatory is vague, and unintelligible because of the phrase "living conditions." The interrogatory is overbroad because it is not limited to time and scope. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, Responding Party answers:
The living conditions in a management cell approximate the conditions in a Security Housing Unit cell, insofar as the safety and security of the institution, inmate and staff will permit.

**Response by Pratt:**
States the same objections and then responds: Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Ruling:**

The phrase "living conditions" is vague and Defendants' objection on this ground is sustained. For example, it is unknown whether the request seeks information about the physical size or condition of the cell or whether it seeks information about the inmate's privileges while housed in a management cell. Further, this interrogatory is potentially relevant only as to Plaintiff's claim against Defendants Pruitt, Magana, and Davis for the conditions of his confinement based on the temperature and lighting in his cell. Plaintiff's motion to compel responses beyond that already provided to the above listed interrogatories is **DENIED**.

**Interrogatory No. 6 to Bardonnex; No. 11 to Cogdill; No. 11 to Davis; Nos. 10 & 11[3] to Scaife; No. 9 to Magana; No. 11 to Quinones; and No. 11 to Pratt:**
"What are the living conditions of a prisoner placed in a disciplinary detention cell. Please explain in detail."

**Response by Bardonnex, Cogdill, Davis, Scaife, Magana, and Quinones:**
Objection. The interrogatory is vague, and unintelligible because of the phrase "living conditions." The interrogatory is overbroad because it is not limited to time and scope. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, Responding Party

---

[3] Interrogatory No. 11 is an exact duplicate of Interrogatory No. 10 directed to Scaife. Scaife's response to No. 11 refers the reader to his response to No. 10, so both are properly addressed here..

3

answers:
The living conditions in a management cell approximate the conditions in a general population cell, insofar as the safety and security of the institution, inmate and staff will permit.

**Response by Pratt:**
States the same objections and then responds: Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Ruling:**

The phrase "living conditions" is vague and Defendants' objection on this ground is sustained. For example, it is unknown whether the request seeks information about the physical size or condition of the cell or whether it seeks information about the inmate's privileges while housed in a management cell. Further, this interrogatory is potentially relevant only as to Plaintiff's claim against Defendants Pruitt, Magana, and Davis for the conditions of his confinement based on the temperature and lighting in his cell. Plaintiff's motion to compel responses beyond that already provided to the above listed interrogatories is **DENIED**.

**Interrogatory No. 7 to Bardonnex; No. 12 to Cogdill, Davis, Scaife, Quiones, and Pratt; and No. 10 to Magana:**
"Are there any specific cells designated to house a prisoner on management cell status and/or disciplinary detention status here at Corcoran State Prison 4A Yard (S.H.U.). Please explain in detail."

**Response by Bardonnex, Cogdill, Davis, Magana, and Quinones:**
Objection. The interrogatory is overly broad as to time. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, Responding Party answers:
No.

**Response by Scaife:**
States the same objections and then responds: No, but at one point, I recall that a holding cell in 4A1 was designated for contraband surveillance watch.

**Response by Pratt:**
States the same objections and then responds: Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Ruling:**

This interrogatory is overbroad as to time, but to the extent Plaintiff is proceeding against Magana, Pratt, and Davis on a conditions of confinement claim regarding the temperature and

4

lighting during his time on management cell status, it is relevant at the discovery phase. However, Defendants provided responses based on their knowledge and duties that are sufficient. Plaintiff's motion to compel further responses on the above interrogatories is **DENIED**.

>**Interrogatory No. 24 to Bardonnex and No. 2 to Magana:**
>"Identify JOHN DOES #1 and 2 and JANE DOE #3, names, current status, and location. (Refer to Amended Complaint ¶¶s 8-9, pgs. 6-7). Provide information in detail."
>
>**Response to Interrogatory No. 24 to Bardonnex:**
>
>Objection. The interrogatory is vague, ambiguous and overly broad because it seeks information not related to Plaintiff's claims of basic necessities/conditions of confinement. The interrogatory calls for speculation. The interrogatory seeks confidential information that: (1) may threaten the security of the California Department of Corrections and Rehabilitation and the safety of its staff an inmates; (2) Plaintiff cannot possess this information, as it is confidential under title 15, sections 3321, 3450, subdivisions (d), (e) of the California Code of Regulations and not subject to disclosure under section 6254, subdivision (c) of the California Government Code, and protected by other individuals' privacy rights, whose rights Defendants are without authority to waive. The interrogatory is compound and exceeds the limit of 25 interrogatories under Fed. R. Civ. 33(a)(1). Without waiving objections, Responding Party answers:
>Responding Party lacks the requisite information to respond to this interrogatory.

**Ruling:**

This interrogatory is vague and ambiguous as to "current status, and location" that Plaintiff seeks pertaining to JOHN DOES #1 and #2 and JANE DOE #3, and Defendants objection based thereon is SUSTAINED. Further, this interrogatory is overly broad and not related to Plaintiff claims regarding the conditions of his confinement -- particularly because the deadline to amend the pleadings in this action to substitute the true names of the above DOES lapsed on August 30, 2013. (*See* Doc. 34) Defendants' objection based thereon is SUSTAINED. Finally, to the extent that the "current status and location" of these DOES may encompass their personal residence, it seeks confidential information and Defendants' objection based thereon is SUSTAINED. Plaintiff's motion to compel further responses on the above interrogatories is **DENIED**.

>**Interrogatory No. 23 to Cogdill and No. 22 to Bardonnex and Scaife:**
>"Did you know and/or was aware that O.C. pepper spray, by law is declared a dangerous weapon which could/can cause serious injury."
>
>**Response by Cogill, Bardonnex, and Scaife:**
>Objection. The interrogatory is argumentative and lacks foundation assumes that

5

"O.C. pepper spray, by law is declared a dangerous weapon which could/can cause serious injury." The interrogatory exceeds the limit of 25 interrogatories under Fed. R. Civ. 33(a)(1). The interrogatory is vague, ambiguous, and overly broad as to time. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:**

This interrogatory is vague and ambiguous and overly broad as to time and Defendants' objection thereon is SUSTAINED. Further, it is argumentative and lacks foundation as to what law Plaintiff is suggesting declared O.C. pepper spray to be a dangerous weapon and definition of "dangerous weapon" under that unknown law. Defendants' objections thereon are SUSTAINED. Plaintiff's motion to compel further responses on the above interrogatories is **DENIED**.

**Interrogatory No. 16 to Cogdill, Davis, Scaife, and Quinones:**
"How long does CDCR allow you to spray a prisoner confined inside of his cell with O.C. pepper spray, before you must enter the cell and forcibly extract him. Please explain in detail."

**Response by Cogdill, Davis, Scaife, and Quinones:**
Objection. The interrogatory is vague and ambiguous. The interrogatory calls for speculation and does not contain sufficient foundational facts on which to form an opinion. Without waiving objections Responding Party answers:
There was no restriction or limit on the amount of chemical agent or number of bursts that could be introduced into a cell in 2007. Determination was based on incident commander's assessment of how much chemical agent made contact with barricades versus the inmate, the inmate's compliance, the presence of a weapon, and other security factors.

**Ruling:**

The responses provided by these Defendants, in spite of their stated objections, sufficiently and specifically responds to Plaintiff's interrogatory. Plaintiff's motion to compel further responses on the above interrogatories is **DENIED**.

**Interrogatory No. 17 to Cogdill, Davis, Scaife, and Quinones:**
"What are the names and CDCR numbers of the prisoners that were housed in cells 26-30 in 4LEFT 4A Yard, same section and housing unit as plaintiff on September 12, 2007. Explain in detail."

**Response by Cogdill, Davis, Scaife, and Quinones:**
Objection. The request is vague, ambiguous, and unintelligible. The request is overbroad seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence. The request seeks disclosure of confidential information that: 1) may threaten the security of

6

the California Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) cannot be possessed by an inmate, as it is confidential under California Code of Regulations title 15, §§ 3321, 3450(d); 3) not subject to disclosure under California Government Code § 6254(c) and (f); and 4) protected by other individuals' privacy rights, whose rights Responding Party is without authority to waive. The request confidential and private information protected under the United States Constitution, California Constitution, sections 832.7 and 6126.3 of the California Penal Code, and sections 1043 and 1045 of the California Evidence Code.

**Ruling:**

Defendants assert that inmates are not allowed to have full names and CDCR numbers for other inmates for safety and security reasons. (Doc. 127, 43:21-44:3.) The Court appreciates the security needs of the prison and inmates, as described by Defendants, precludes specific information about inmates generally, the Court disagrees that Plaintiff is not entitled to identify witnesses who may be helpful to his case. To the contrary, Plaintiff is entitled to determine the identities of those inmates he believes witnessed the events at issue. Here, however, Plaintiff makes no showing that these inmates witnessed the events or that Plaintiff has reason to believe that they did. Thus, this request without a sufficient showing implicates all of the safety and security concerns set forth by Defendants. Accordingly, Plaintiff's motion to compel further responses to the above interrogatories is **DENIED**.

**Interrogatory No. 18 to Cogdill and Scaife:**
"Where are the prisoners now located/housed who occupied cells 26-30 in 4LEFT 4A Yard on September 12, 2007. Explain in detail."

**Response by Cogdill and Scaife:**
Objection. The request is vague, ambiguous, and unintelligible. The request is overbroad seeks information that is not relevant to the claims and defenses in this action and not likely to lead to the discovery of admissible evidence. The request seeks disclosure of confidential information that: 1) may threaten the security of the California Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) cannot be possessed by an inmate, as it is confidential under California Code of Regulations title 15, §§ 3321, 3450(d); 3) not subject to disclosure under California Government Code § 6254(c) and (f); and 4) protected by other individuals' privacy rights, whose rights Responding Party is without authority to waive. The request confidential and private information protected under the United States Constitution, California Constitution, sections 832.7 and 6126.3 of the California Penal Code, and sections 1043 and 1045 of the California Evidence Code.

///

7

**Ruling:**

Defendants assert that inmates are not allowed to have full names and CDCR numbers for other inmates or their housing assignments for safety and security reasons. (Doc. 127, 43:21-44:3.) The Court appreciates the security needs of the prison and inmates, as described by Defendants, precludes specific information about inmates generally, the Court disagrees that Plaintiff is not entitled to identify witnesses who may be helpful to his case. To the contrary, Plaintiff is entitled to determine the identities of those inmates he believes witnessed the events at issue. Here, however, Plaintiff makes no showing that these inmates witnessed the events or that Plaintiff has reason to believe that they did. Thus, unless and until there is a sufficient showing demonstrating these inmates witnessed the event, this request implicates all of the safety and security concerns set forth by Defendants. Accordingly, Plaintiff's motion to compel further responses to the above interrogatories is **DENIED**.

**Interrogatory No. 23 to Davis, Scaife, and Quinones:**
"Is there a CDCR policy and/or instruction(s) on the use of each of the following items upon a prisoner; (1) MK-9 cannister(s); (2) MK-46 cannister; (3) Z-505 fogger; and (4) T-16 blast dispersion grenades. Explain in detail."

**Response by Davis, Scaife, and Quinones:**
Objection. The interrogatory is vague and unintelligible as to the term "a CDCR policy and/or instruction." The interrogatory seeks confidential information, disclosure of which would jeopardize institutional security. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to the discovery of admissible evidence. Without waiving objections, Responding Party answers:

**Ruling:**

The interrogatory is vague. The Court cannot determine whether Plaintiff is seeking information related to a "use of force" policy that governs when and how these devices may be employed or whether he seeks information on how to actually use these devices. Thus, based upon the ambiguity of the interrogatory, the objection is SUSTAINED. Clearly, if he is seeking information detailed instructions on how to use MK-9 cannisters, MK-46 cannisters, Z-505 foggers, and T-16 blast dispersions grenades obviously would jeopardize institutional security. Defendants' objection based there on is SUSTAINED. Plaintiff's motion to compel further

responses to the above interrogatories is **DENIED**.

**Interrogatory No. 19 to Davis and Quinones:**
"On September 12, 2007 approximately how long of a period of time did your subordinate officers spray plaintiff with the chemical agents, while he was housed inside cell #26. Please explain in detail."

**Response by Davis and Quinones:**
Objection. The interrogatory calls for speculation. The interrogatory is vague and ambiguous as to the term "how long of a period of time" did officers spray Plaintiff. Without waiving said objection, and assuming Plaintiff means the total amount of time O.C. pepper spray mixture was being actively deployed into Plaintiff's cell, Responding Party answers:
Responding Party does not know, and the answer cannot be determined from the records.

**Ruling:**

While Plaintiff argues that this response is "evasive, unreasonable, vague, incomplete and perjured testimony" and that Defendants fail to disclose information required by the Federal Rules of Civil Procedure, he does not state how the above response is deficient, nor does he show or even suggest what Defendants might do to ascertain the desired information beyond their own recollection and the records.  Even if Davis was present at the incident as Plaintiff argues, Plaintiff does not show any basis he would have to estimate the length of time Plaintiff was sprayed. Plaintiff's dissatisfaction with the response does not equate to an insufficient in the response. Accordingly, Plaintiff's motion to compel further responses to the above interrogatories is **DENIED**.

**Interrogatory No. 20 to Davis and Quinones**:
"At some point during plaintiff's confinement to the management cell #26 in 1 RIGHT 4A Yard did you pay him a visit and interview him concerning his complaint on his conditions of confinement. Please explain in detail."

**Response by Davis and Quinones**:
Objection. The interrogatory is argumentative and lacks foundation in that is assumes Plaintiff was in a "management cell," and that Plaintiff lodges "his complaint on his conditions of confinement." The request is vague, ambiguous, and overly broad as to time. Without waiving objections, Responding Party answers:
Responding Party does not recall, and without further details such as date, time, and nature of the complaint, the answer cannot be determined from the records.

**Ruling:**

Plaintiff also argues that this response is "incomplete, evasive, vague, and fails to disclose

9

information required by the Federal Rules of Civil Procedure 26(a)," but he does not state how the above response is deficient, nor does he show or even suggest what Defendants might do to ascertain the desired information beyond their own recollection and the records from the incident. Plaintiff's dissatisfaction with the response does not equate to an insufficient in the response. Accordingly, Plaintiff's motion to compel further responses to the above interrogatories is **DENIED**.

### B. Individual Interrogatories to Bardonnex

**Interrogatory No. 13: to Bardonnex**
"Do you have evidence and/or documentary evidence which shows plaintiff refused yard for six months during the period of September 12, 2007 thru January 2008. Explain in detail."

**Response:**
Objection. The interrogatory is argumentative and lacks foundation that it assumes that "plaintiff refused yard for six months during the period of September 12, 2007 thru January 2008." Without waving objections, Responding Party answers:
The Inmate Segregation Record, CDC 114-A, records an inmate's daily activity. Plaintiff refused yard exercise on 9/10/07, 9/14/07, 9/17/07, 1/19/07, 9/21/07, 9/25/07, 9/26/07, 9/28/07, 10/2/07, 10/3/07, 10/5/07, 10/9/07, 10/17/07, 10/19/07, 10/13/07, 1-/15/07, 10/26/07, 10/30/07, 11/13/07, 11/21/07, 11/24/07, 11/27/07, 11/30/07, 12/5/07, 12/12/07, 12/14/07, 12/17/07, 12/25/07, and 12/26/07. Plaintiff participated in yard exercise on 11/2/07, 11/6/07, 11/15/07, 11/16/07, 11/29/07, 12/6/07, 12/21/07, 12/22/07, 12/18/07, 12/19/10, and 12/28/07.

**Ruling:**

Plaintiff asserts that the above information is inaccurate and/or perjured and cites a number of documents that he asserts show that various of the above days he did not refuse yard. However, discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force an opposing party to change a response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness or to contradict testimony thereon at trial and/or dispositive motion. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

**Interrogatory No. 14 to Bardonnex:**

"Did any of your superiors tell you at any time plaintiff was on any typd [sic] of yard restriction during the period of September 12, 2007 thru October 26, 2007. Explain in detail."

**Response:**
Responding Party does not recall what, if anything, his superiors told him

10

regarding Plaintiff's yard privileges during the period of September 12, 2007 thru October 26, 2007. A chrono in Plaintiff's C-file, dated September 13, 2007, states: "On 9-13-07, inmate Jacobs refused to make a personal appearance before this Senior Hearing Officer (SHO) for Adjudication Disposition of Rules Violation Report CDC 115, Log # 4A4-07-08-15. Subject was subsequently found Guilty and assessed TEN (10) DAYS Confined to Quarters (CTQ) commencing on 09-13-07 through 09-23-07."

**Ruling:**

Again, Plaintiff asserts that the above information is inaccurate and/or perjured and cites a number of documents that he asserts show that various of the above days he did not refuse yard. However, discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force an opposing party to change a response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness or to contradict testimony thereon at trial and/or dispositive motion. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

**Interrogatory No. 18 to Bardonnex:**
"Did you issue plaintiff any property or supplies while he was housed in cell #26, 4A 1 RIGHT during the time period from September 12, 2007 thru October 26, 2007. Explain in detail."

**Response:**
Responding Party does not recall. But cleaning and personal hygiene supplies were provided on a weekly basis during this time period, and Plaintiff's segregation records show that supplies were issued.

**Ruling:**

Again, Plaintiff asserts that the above information is inaccurate and/or perjured and cites a number of documents that he asserts show that various of the above days he did not refuse yard. However, discrepancies between facts and evidence is not a basis to compel a further response or to attempt to force an opposing party to change a response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness or to contradict testimony thereon at trial and/or dispositive motion. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

**Interrogatory No. 20 to Bardonnex:**
"Have you been investigated for denying prisoners access to the recreation yard in the past 10 years. Explain in detail."

11

**Response to Interrogatory No. 20 to Bardonnex:**
Objection. The interrogatory is not relevant to the claims and defenses involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is vague, ambiguous, and overly broad. The interrogatory is compound and exceeds the limit of 25 interrogatories under Fed. R. Civ. 33(a)(1). Without waiving objections, Responding Party answers: Responding Party has never been found responsible for denying prisoners yard access.

**Ruling:**

As was previously addressed in the motion to quash Plaintiff's subpoena duces tecum, evidence of unsubstantiated/unfounded accusations against any of the Defendants in this action are unlikely to lead to the discovery of admissible evidence and are thus irrelevant to this action. (*See* Doc. 103, at 7:16-8:9.)  Bardonnex's response to this interrogatory parallels that finding.  Plaintiff fails to show any use for any unfounded accusations against Bardonnex other than as inadmissible character evidence. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

**Interrogatory No. 25 to Bardonnex:**
"How long are guards allowed to be assigned to the same post assignment and/or housing unit consecutively. Explain in detail."

**Response by Bardonnex:**
Objection. The interrogatory is vague, ambiguous and overly broad because it seeks information not related to Plaintiff's claims of basic necessities/conditions of confinement and seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is compound and exceeds the limit of 25 interrogatories under Fed. R. Civ. 33(a)(1). Without waiving and objections, Responding Party answers:
Responding Party is unaware of any such time limits to post assignments.

**Ruling:**

Plaintiff does not show that this interrogatory is related to his claims in this action.  His displeasure with the response given subsequent to the objections will not suffice.  Bardonnex has provided a response delineating the information of which he is aware that is responsive to Plaintiff's request and Plaintiff fails to show that any of his objections are not justified. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

///

12

### C. Individual Interrogatories to Cogdill

**Interrogatory No. 4 to Cogdill:**
"Do you have other pending lawsuits against you filed by prisoners or any free person for use of excessive force, assault & battery, or retaliation."

**Response by Cogdill:**
Objection. The interrogatory is not relevant to the claims and defenses involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is vague, ambiguous, and overly broad. Without waiving objections, Responding Party answers:
Not applicable.

**Interrogatory No. 5 to Cogdill:**
"If your answer is yes to the preceding interrogatory request (Rog #4), please explain in detail and/or attach documentation which explain/detail the circumstances of these events."

**Response by Cogdill:**
Objection. The interrogatory is not relevant to the claims and defenses involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is vague, ambiguous, and overly broad. Without waiving objections, Responding Party answers:
Not applicable.

**Ruling on No. 4 & No. 5:**

Cogdill indicates that he intended to respond "No" to No. 4 rather than "Not applicable" and that he served a supplemental response correcting this error and asserting that this negated the need for further response to be compelled. Plaintiff does not address this in his reply and so appears to agree by his silence. In any event, No. 4 requested a yes or no response. Once the negative response was given, No. 5 was not applicable since it sought information based on an affirmative response to No. 4. Accordingly, Plaintiff's motion to compel further responses from Cogdill to No. 4 and No. 5 is **DENIED**.

### C. Defendant Davis

**Interrogatory No. 18 to Davis:**
"On September 12, 2007 during the use of force extraction of plaintiff, were you in a position to visually see how much chemicals your subordinate officers were spraying plaintiff with. Please explain."

**Response:**
Objection. The interrogatory is argumentative and lacks foundation in that it assumes "a use of force extraction of Plaintiff." Responding Party was the Administrate Officer of the Day (AOD) and did not directly participate in or witness the occurrences at Plaintiff's cell on September 12, 2007.

13

**Ruling:**

Plaintiff does not show that Defendant's objection is not justified. As previously stated, the fact that Plaintiff feels evidence exists to contradict Davis' response is material he may be able to use to question Davis' credibility or for impeachment purposes, but it does not provide justification to require a Defendant to change a response that he feels is truthful.  Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

### D.  Defendant Magana

**Interrogatory No. 1 to Magana:**
"Where can the initial search slip for cell #26 in 4A 1RIGHT Building be located. (Refer to Request for Admission, Set One, nos 73&79. Explain in detail."

**Response to Interrogatory No. 1 to Magana:**
Objection. The interrogatory as phrased cannot be answered because Defendant has not responded to Requests for Admissions 73 and 79 under the Court's May 16, 2014 Order (ECF No. 61.) The interrogatory is not relevant to the claims and defenses involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory is vague, ambiguous and overly broad as to date. The request is argumentative in that it assumes the existence of an "initial search slip for cell #26 in 4A 1RIGHT." The interrogatory lacks foundation. Without waiving objections, Responding Party answers: Cell search slips are kept in Plaintiff's 114-a file, within Plaintiff's C-File, which is equally available to Plaintiff.

**Ruling:**

Plaintiff shows nothing other than his disagreement with Magana's response.  This is insufficient to show that his response is evasive or incomplete. Fed. R. Civ. P. 37(a)(4).  This is yet more fodder for Plaintiff to attack the Defendants' assertions and positions at trial and/or on dispositive motion.  Accordingly, Plaintiff's motion to compel a further response from Magana to the above interrogatory is **DENIED**.

**Interrogatory No. 21 to Magana:**
"During September 12, 2007-October 26, 2007 did you see any guards/co-workers issue plaintiff any property or state supplies whatsoever while he was housed in cell #26."

**Response:**
Yes. Plaintiff was issued supplies and clothing during his stay in cell #26.

**Ruling:**

Plaintiff argues that "evasive objections cannot be treated with favor" and that "Defendant

must answer truthfully and to the full extent possible." (Doc. 107, 25:12-15.) This appears to be exactly what Magana has done. In fact, Magana's response went beyond that required since No. 21 required only an affirmative, or negative answer. Accordingly, Plaintiff's motion to compel a further response from Magana to this interrogatory is DENIED.

### E. Defendant Pratt

**Interrogatory No. 13 to Pratt:**
"What were your specific duties while assigned to the 4A Yard SHU as psych tech. Explain in detail."

**Response:**
Objection. The interrogatory is vague, ambiguous, and overly broad. Without waiving objections, Responding Party answers:
Responding Party conducted daily rounds and documented the mental health of inmates. Defendant also provided documentation on medication monitoring, ADLS, suicidality, dangerousness, and grave disability. Responding Party further provided crisis evaluation and intervention, mental health crisis bed five-day follow-up. Responding Party also participated in the Interdisciplinary Treatment Team, attended staff meetings, and attended other departmental training.

**Ruling:**

Plaintiff argues that this response is deficient and incomplete and that Pratt cannot respond that she is unable to respond because she lacks knowledge. (Doc. 107, 26:18-27:3.) However, this argument does not apply to Pratt's response. Pratt provided a straightforward answer as to her duties while assigned to the 4A Yard SHU as psych tech. Plaintiff's argument that this response is somehow deficient is wholly without merit. Accordingly, Plaintiff's motion to compel a further response to the above interrogatory is **DENIED**.

**Interrogatory No. 9 to Pratt:**
"Explain the difference between management cell status and disciplinary detention status."

**Response:**
Objection. The interrogatory seeks information that is not relevant to the claims and defenses at issue in this action and not reasonably calculated to the discovery of admissible evidence. Without waiving objections, Responding Party answers:
Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Ruling:**

Here again Plaintiff argues that this response is deficient and incomplete and that Pratt

1 cannot respond that she is unable to respond because she lacks knowledge and/or the question calls
2 for information beyond her job duties. (Doc. 107, 26:18-27:3.) There is no showing that a psych
3 tech is in a position to know about management cells versus disciplinary status and she denies she
4 has this knowledge. Plaintiff fails to show that Pratt's objections are not justified. Accordingly,
5 Plaintiff's motion to compel a further response to the above interrogatory is **DENIED**.

**Interrogatory No. 15 to Pratt:**
"Why are mental health prisoner(s) forced to live and sleep in SHU cells with the cell light on 24 hrs a day. Explain in detail."

**Response:**
Objection. The interrogatory is vague, ambiguous, and overly broad. The interrogatory seeks information not relevant to claims and defenses at issue in the action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory lacks foundation and is argumentative because it assumes that "mental health prisoner(s) forced to live and sleep in SHU cells with the cell light on 24 hrs a day." The interrogatory is compound and calls for speculation. Without waiving objections, Responding Party answers: Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Ruling:**

Here again Plaintiff argues that this response is deficient and incomplete and that Pratt cannot state that she is unable to respond because she lacks knowledge and/or the question calls for information beyond her job duties. (Doc. 107, 26:18-27:3.) There is no showing that a psych tech is in a position to know about the lighting in SHU cells and she denies she has this knowledge. Plaintiff fails to show that Pratt's objections are not justified and/or that she has responsive information within her possession, custody, and/or control. However, Magana's response to Interrogatory No. 2 indicates that "the SHU housing unit is designed for inmates who require a higher level of safety and security. The inmates housed in SHU are of higher rise, and are prohibited from controlling their lights for safety and security reasons." Further, Magana's response to Interrogatory No. 16 indicates that bright lights are on from 2:00 p.m. to 10:00 p.m. and that "night lights" are on from 10:00 p.m. to 6:00 a.m. Thus, Plaintiff has received a sufficient response to this interrogatory from another Defendant with applicable knowledge. Accordingly, Plaintiff's motion to compel a further response to the above interrogatory is **DENIED**.

**Interrogatory No. 16 to Pratt:**
"Does living in a small cell with a light on 24 hrs a day seven days a week cause sleep deprivation and/or sensor/deprivation. Explain in detail."

**Response:**
Objection. The interrogatory is vague, ambiguous, and overly broad. The interrogatory seeks information not relevant to the claims and defenses at issue in the action and not likely to lead to the discovery of admissible evidence. The interrogatory lacks foundation and is argumentative because it assumes facts not in evidence: that a light is on "24 hrs a day seven days a week." The interrogatory calls for speculation and does not contain sufficient facts for Responding Party to answer.

**Ruling:**

This interrogatory is argumentative and lacks foundation as it presumes that a normal light is on 24/7. Plaintiff fails to show that this is inaccurate or evasive; rather, he asserts that it is deficient and incomplete without providing a factual basis for the assertions. Plaintiff also fails to address Plaintiff's objections and thus fails to show that they are not justified. Accordingly, Plaintiff's motion to compel further response to the above interrogatory is **DENIED**.

**Interrogatory No. 17 to Pratt:**
"Is it unusual for a mental health prisoner confined to a disciplinary detention cell denied drinking water for his/her during in such a cell. Explain in detail."

**Response:**
Objection. The interrogatory is argumentative and lacks foundation because it assumes "a mental health prisoner is confined to a disciplinary detention cell denied drinking water." The interrogatory is vague, ambiguous and unintelligible. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory calls for speculation.

**Interrogatory No. 18 to Pratt:**
"Is it unusual for a mental health prisoner confined to a disciplinary detention cell denied drinking water for his/her duration in such a cell. Explain in detail."

**Response:**
Objection. The interrogatory is argumentative and lacks foundation because it assumes "a mental health prisoner is confined to a disciplinary detention cell denied drinking water." The interrogatory is vague, ambiguous and unintelligible. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory calls for speculation and contains insufficient facts to render an opinion.

///

17

**Ruling:**

Plaintiff's allegations regarding ready access to drinking water while on management cell were dismissed on screening. Interrogatory No. 17 and No. 18 seek information that is not relevant to this action. Accordingly, Plaintiff's motion to compel further responses to the above interrogatories is **DENIED**.

**Interrogatory No. 19 To Pratt:**
"Why are prisoners housed in the Corcoran SHU cells prohibited from turning their cell light on or off. Explain in detail."

**Response:**
Objection. The interrogatory is vague, ambiguous and overly broad. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not likely to lead to the discovery of admissible evidence. The interrogatory is argumentative and lacks foundation because it assumes that "prisoners housed in the Corcoran SHU cells prohibited from turning their cell light on or off." The interrogatory calls for speculation. Without waiving objections, Responding Party answers:
Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties.

**Interrogatory No. 20 to Pratt:**
"Isn't prohibiting a mental health prisoner from turning his cell light off to sleep against the Mental Health Department policy. Explain in detail."

**Response:**
Objection. The interrogatory is vague, ambiguous and overly broad. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not likely to lead to the discovery of admissible evidence. The interrogatory is argumentative and lacks foundation because it assumes that "mental health prisoners are prohibited from turning their cell light on or off." The interrogatory calls for speculation. Without waiving objections, Responding Party answers:
Responding Party lacks the requisite knowledge to respond to this request because it is not within the scope of her duties

**Ruling:**

Plaintiff fails to show that Defendants objection that Plaintiff is seeking information that is not relevant to the claims and defenses at issue in this action and not likely to lead to the discovery of admissible evidence is not justified. The issue in this action is not whether Plaintiff should have had a switch to control the lighting in his cell, but rather whether he was exposed to lighting that as a condition of his confinement that violated his rights under the Eighth Amendment. Further, Magana's response to No. 3 indicates that inmates in SHU housing require a higher level

of safety and security and they are prohibited from controlling their lights for safety and security concerns. Thus, Plaintiff has applicable information from an appropriate source. On the other hand, Defendant denies she has this knowledge. Accordingly, Plaintiff's motion to compel further responses to these interrogatories is **DENIED**.

> **Interrogatory No. 23 to Pratt:**
> "Within that time frame you were assigned to the 4A Yard SHU, how many times did you visit plaintiff in cell #26 4A-1 RIGHT Building during the rounds of September 2007- November 1, 2007. Explain in detail."
>
> **Response to Interrogatory No. 23 to Pratt:**
> Objection. The interrogatory is vague, ambiguous and overly broad. The interrogatory seeks information not relevant to the claims and defenses at issue in this action and not reasonably calculated to the discovery of admissible evidence. Without waiving objections, Responding Party answers:
> Responding Party does not recall.

**Ruling:**

The number of times Pratt, as medical personnel, visited Plaintiff's cell during the listed time frame is relevant to Pratt's knowledge of the conditions of Plaintiff's confinement, which is at the heart of Plaintiff's claim against Pratt. Further, the number of visit is something that Pratt, as medical personnel should have noted on a medical chart/record which she should use to refresh her recollection rather than going by sheer memory. Accordingly, Plaintiff's motion to compel further response to this interrogatory is GRANTED. Within 30 days of the date of service of this order, Pratt is to serve a response listing the dates and purposes of her visits to Plaintiff's cell for medical purposes between September 1, 2007 and November 1, 2007.

### III. Motion for Sanctions

Plaintiff requests imposition of sanctions for improper discovery conduct/abuses in this motion and by separate motion, filed on December 15, 2015. (Doc. 115.) Federal Rule of Civil Procedure 37(a)(5) prohibits the imposition of sanctions if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances exist to make the imposition of sanctions unjust. Plaintiff makes little showing as to the basis upon which he seeks sanctions other than his displeasure with the responses he received to his propounded discovery. Just because discovery disputes arose does not justify imposition of sanctions. Defendants'

responses to Plaintiff's discovery requests were substantially justified -- as is particularly evident by the fact that the majority of Plaintiff's motion to compel is being denied. Accordingly, Plaintiff's requests for sanctions -- both in this present motion and in the motion he filed on December 15, 2015 --  are **DENIED**.

**VI.  Conclusion**

    Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion to compel further responses to interrogatories and for sanctions, filed on December 5, 2014 (Doc. 107), is **GRANTED** and **DENIED** as discussed in detail in this order;

(2) all further responses as ordered herein are to be served on Plaintiff within 30 days of the date of service of this order; and

(3) Plaintiff's motion for sanctions, both in his motion to compel further responses to interrogatories and in his motion for sanctions filed on December 15, 2015 (Doc. 115) are DENIED.

IT IS SO ORDERED.

    Dated:   **June 12, 2015**             **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE