# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>    Plaintiff,<br><br>    v.<br><br>A.C. QUINONES, et al.,<br><br>    Defendant. | 1:10-cv-02349 AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THE ACTION AND FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 154)<br><br>30-DAY DEADLINE |

On February 16, 2016, Plaintiff filed a motion to extend his time to file objections to the findings and recommendations to grant Defendants' motions for summary judgment and/or to stay this action due to his medical condition. (Doc. 154.) For the reasons set forth below, the motion is **DENIED**.

Notably, Defendants' filed their motion for summary judgment over a year ago, on January 30, 2015. (Doc. 124.) The Court issued the Second Informational Order, informing Plaintiff of the requirements and his obligation to file either an opposition or a statement of non-opposition to the motion for summary judgment. (Doc. 133.) Plaintiff requested and received five extensions of time to file his opposition to Defendants' motion. (*See* Docs. 128, 129, 131, 132, 136-139.)

Thereafter, on May 22, 2015, Plaintiff filed a motion to extend the time to file his

1

opposition and/or to stay the deadline pursuant to Rule 56(d).[1] The Court denied this motion since Plaintiff failed to specifically identify relevant information via discovery that he needed, his basis for believing that the information actually existed and that it would prevent summary judgment. (*See* Doc. 144, citing *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).) However, the Court granted him yet another 30-day extension of time to file his opposition. (*Id.*)

When after 60 days Plaintiff still had not filed his opposition to the motion, the Court issued the findings and recommendations to grant Defendants' motion for summary judgment. (Doc. 147.) Thereafter, Plaintiff requested and received two, 45-day extensions of time to file his objections. (*See* Docs. 148-151.) On December 11, 2015, Plaintiff filed a notice, which he penned and signed on November 24, 2015, indicating that his right arm was broken during a riot which occurred 11 days prior. (Doc. 152.) Plaintiff indicated that, as of the date he signed this notice, though he had undergone surgery, it remained broken. (*Id.*) On January 26, 2016, the Court granted Plaintiff a final extension of time until February 12, 2016 to file objections to the findings and recommendations. (Doc. 153.) On February 16, 2016, Plaintiff filed a typed motion for further extension of time and/or stay of the action in which he indicated that his right arm/hand is paralyzed, possibly permanently, which prevents him from being able to write and perform daily activities. (*Id.*)[2]

The Court notes that in November of 2015, Plaintiff was able to write the "notice" of his injury in this case (*see* Doc. 152), also to write and file similar notices in two other actions (*see Jacobs v. Sullivan et al.,* 1:05-cv-01625-SAB, Doc. 172; *Jacobs v. Scribner, et al.,* 1:06-cv-1280-AWI-EPG, Doc. 178). The Court notes also that, attached to his most recent request for extension and/or stay, Plaintiff submitted a response from defense counsel in *Jacobs v. Sullivan et al.*, which indicates that Plaintiff was scheduled to undergo surgery for his arm on December 3, 2015 and hernia repair on December 7, 2015. (Doc. 154, p. 4.) It further indicated that Plaintiff's

---

[1] The Court noted that Plaintiff cited to Federal Rule of Civil Procedure 56(f), but that his motion was properly analyzed under subsection (d) given the nature of his request.
[2] This was not signed under penalty of perjury.

right arm would be in a cast for about 6 months and that recovery from the hernia repair was expected to take 8-12 weeks during which his ability to sit for long periods of time will be limited.  It is now more than three months post-op for Plaintiff's right arm and February 29, 2016 marked 12 weeks post-op for repair of his hernia.  While Plaintiff has asserted difficulty, he has failed to show that he is unable to write or type, which his notices filed within two weeks of the injury and the current one, would belie.  Further, the Court has appointed counsel in one of his other actions and has stayed the other, which leaves this as Plaintiff's only active case in which he must personally engage.

Plaintiff's conduct has prolonged resolution of Defendants' motion for summary judgment unreasonably.  They should not have to wait a further extended period to have their case decided finally.  Moreover, the Court is concerned that further delay may make witnesses unavailable or cause their memories to fade, and will work prejudice to all parties.  The Court has already granted Plaintiff an excessive number of extensions of time both to oppose the motion and to file objections to the findings and recommendations to grant it—which have apparently arisen as a result of Plaintiff's choice to attend more closely to his other cases than the one at bar.  (*See generally Jacobs v. Sullivan et al.,* 1:05-cv-01625-SAB; *Jacobs v. Scribner, et al.,*1:06-cv-1280-AWI-EPG.)

Further, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand v Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and did so in response to Plaintiff's motion.  The Court has contacted numerous attorneys—including counsel already assigned to Plaintiff's *Sullivan* case—to accept pro bono appointment for the limited purpose of filing the objections, but all have declined the appointment.  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand*, 113 F.3d at 1525, and the Court cannot require/force an unwilling attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Nothing in this order is intended to limit Plaintiff from attempting to secure legal representation via his own efforts.

In any event, without discounting the seriousness of his medical condition, the Court is

convinced that Plaintiff has chosen extensive delay tactics to prevent resolution of this matter. Thus, the Court **ORDERS**:

    1.    Plaintiff's motion (Doc. 154) is **DENIED** as follows:

        a.    The request to stay this action is **DENIED**;

        b.    The request for appointment of counsel is **DENIED**.

    2.    Plaintiff is SHALL file his objections to the findings and recommendations to grant Defendants' motion for summary judgment no later than **April 14, 2016**.  Failure to do so will waive all objections.

IT IS SO ORDERED.

    Dated:   **March 15, 2016**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE