UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A.C. QUINONES, et al.,<br><br>　　　　　Defendant. | 1:10-cv-02349 AWI-JLT (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 158) |

　　　　On May 11, 2016, Plaintiff filed a motion for reconsideration (Doc. 158) of the order granting Defendants' motion for summary judgment which dismissed this action and entered judgement in Defendants' favor. (Docs. 156, 157.) In his motion, Plaintiff requests another extension of time to file an opposition to Defendants' motion for summary judgment. (Doc. 158.) Plaintiff's motion is construed as a motion to reconsider/set aside the judgment entered against him pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

　　　　Rule 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason justifying relief from the operation of the judgment." The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*. Motions to reconsider are committed to the discretion of the trial court. *Garcia v. Lynch*, 786 F.3d 789, 792 (9th Cir. 2015); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding

clauses.'" *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id.*

This action was dismissed on summary judgment for Defendants which was ruled on in the absence of both Plaintiff's opposition and objections to the Findings and Recommendations. Defendants' filed their motion for summary judgment well over a year ago, on January 30, 2015. (Doc. 124.) Plaintiff requested and received multiple extensions of time both to file an opposition to Defendants' motion for summary judgment (*see* Docs. 128, 129, 131, 132, 136-139) and thereafter to file objections to the Findings and Recommendation that Defendants' motion for summary judgment be granted (*see* Docs. 149, 151, 153, 155). All in all, Plaintiff was granted a year and three months to respond in one fashion or another, but failed to do so.

Plaintiff's medical status, which he raises again in the current motion, was accounted for both in the extensions of time granted to him to file objections to the Findings and Recommendations and, ultimately, in the Order Adopting the Findings and Recommendation— which does not now amount to extraordinary circumstances to justify relief from the operation of the judgment.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 11, 2016 (Doc. 158) is DENIED.

IT IS SO ORDERED.

Dated: __May 19, 2016__                    _____
                                            SENIOR DISTRICT JUDGE